## LOUDON v. TAXING DISTRICT.

1. Lawful interest is the only damages to which a party is entitled for the non-payment of money due upon contract. His right is limited to the recovery of the money so due and such interest.
2. A city entered into a contract with A., whereby it executed its bonds in discharge of certain indebtedness to him and agreed to appropriate a specific portion of the revenue derived from taxation to pay judgments in his favor against it. The city did not apply the taxes pursuant to its contract, and he was compelled to pay exorbitant interest to raise money to meet his engagements. The bonds were not worth more than fifty per cent of their par value. *Held,* that the failure of the city to make the stipulated application of the taxes furnishes no ground for setting aside the contract, and that A. is entitled to no other relief than a provision for paying the balance due upon the judgments out of the taxes levied or to be levied in that behalf.
3. A party whose appeal has been dismissed cannot be heard in opposition to the decree.

APPEAL from the Circuit Court of the United States for the Western District of Tennessee.

The firm of J. & M. Loudon, of which James A. Loudon, the appellant, is the surviving partner, entered in the year

1867 into several contracts with the city of Memphis to pave certain streets and alleys and part of the wharf and public landing. The city was directly liable for a portion of the work, and gave its negotiable notes therefor. It failed to meet them at maturity, and the firm recovered four judgments thereon, Nov. 4, 1871, aggregating $64,613.18. These judgments were, as the notes had been, put in the hands of parties from whom the firm borrowed money, for the use of which it was compelled to pay exorbitant interest, to meet its engagements, the city having failed to make payment.

For another portion of the work the owners of the adjoining property were liable, and the city guaranteed the payment. The owners did not pay the assessments, and the city failed to make good its guaranty. In May, 1872, the Supreme Court decided that the law pursuant to which the contracts were made that provided for charging upon the owners of the abutting property the cost of paving streets, was unconstitutional.

The firm and the city agreed Sept. 16, 1872, that the amount due from the property-holders — for a part of which, however, the city was not responsible — amounted to $45,367.89, and that the city should execute to the firm forty-five six-per-cent coupon bonds of $1,000 each, due thirty years after date. This was done, the city paying in cash $367.89. It was further agreed, that of the tax of one per cent on the assessed value of the property within the city, subject to taxation, three tenths of the sum levied for the year 1872 should be set apart to pay the judgments due the firm.

The city bonds were worth but fifty per cent of their face value, and that was the only amount which the firm realized from such of them as it sold.

In the tax levy for 1874 no provision was made for the payment of the judgments, and nothing has been paid thereon since January of that year. The firm was compelled to sell two of them at an exorbitant rate of discount.

The bill prays that the contract of September, 1872, so far as it interferes with a recovery by the complainant of the debt of $45,000, for which the bonds of the city were accepted, be set aside and vacated; that the city may be decreed to pay all that in justice and equity is due to him by reason of the

exorbitant interest the firm was compelled to pay to raise money in consequence of the refusal of the city to meet its engagements, and also by reason of the money lost by the sale of the judgments; that accounts for the purpose of ascertaining the amounts so due may be taken and stated, and the city compelled by proper process to pay it. The bill also prays for general relief. The city answered, and the cause was heard on the pleadings and proofs. A decree was rendered that Loudon was entitled to a specific performance of the agreement entered into in September, 1872; and that, for the payment of the balance due him on the judgments not disposed of by him, the city should set apart and appropriate three tenths of the amount that may be collected from the tax theretofore or thereafter levied as the tax for the then present or the following years, and should also pay the costs.

Each party prayed an appeal. That of the city was, for a failure to comply with the rules, dismissed at a former term.

The General Assembly of Tennessee repealed, in 1879, the charter of Memphis. The legislation relating thereto and to the establishment of taxing districts will be found in *Merriweather* v. *Garrett,* 102 U. S. 472. On motion of Loudon, the taxing district of Shelby County was substituted in place of the city.

*Mr. William M. Randolph* for the appellant.

*Mr. Isham G. Harris* and *Mr. C. W. Heiskell* for the taxing district.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The questions in this case are, —

1. Whether, because the city of Memphis neglected to pay the debts it owed the appellant when they fell due, it must make good to him the losses he sustained on that account through exactions of extraordinary interest and discounts on sales of securities to raise money to meet his own obligations; and,

2. Whether, upon the facts as shown, a decree should be passed rescinding the contract under which the appellant received bonds of the city in settlement of what was due him on certain of his claims.

As to the first of these questions, it is sufficient to say that all damages for delay in the payment of money owing upon contract are provided for in the allowance of interest, which is in the nature of damages for withholding money that is due. The law assumes that interest is the measure of all such damages.

As to the second, we are satisfied that the only contract which was entered into by the parties is that expressed in the resolution of the city council accepting the proposition of the appellant to take bonds of the city in payment of what was due him on the designated claims. This required the city only to set apart, for the payment of the judgments which the appellant held, three tenths of the specified tax levied to defray the expenses of the city for the year 1872. That was done, and large sums of money collected and paid over under the appropriation. There was no fraud in the inception of the contract. The value of the bonds accepted by the appellant was well understood by him, and it is not denied that the officers of the city at the time acted in good faith. The failure of the city since 1874 to keep its contract and pay over the taxes of 1872 collected after that time is certainly no ground for setting aside the contract altogether. The more appropriate relief certainly is that which was granted; to wit, provision for the payment of the balance that remains due out of the future collections of taxes levied or to be levied in that behalf.

The city took an appeal from that part of the decree which gave the appellant affirmative relief; but that appeal has been dismissed, under the ninth rule, for want of prosecution. The case stands here now as though no such appeal had been taken. The city can, therefore, only be heard in support of the decree as it stands. This has long been the settled rule in this court. *Canter* v. *American and Ocean Insurance Companies*, 3 Pet. 307; *Chittenden* v. *Brewster*, 2 Wall. 191; *The Stephen Morgan*, 94 U. S. 599. An appeal brings up for review only that which was decided adversely to the appellant. It is unnecessary to determine what might have been done in this case if the appeal of the city had not been formally dismissed for want of prosecution.

*Decree affirmed.*