GREEN BRIAR DRAINAGE DIST. OF CRAWFORD AND JASPER COUN-
TIES, ILL., v. CLARK.

(Circuit Court of Appeals, Seventh Circuit. July 17, 1923. Rehearing Denied
September 21, 1923.)

No. 3227.

1. Drains ⬅49—Recovery under contract for extra work not allowed.

In an action against a drainage district to recover for extra yards of earth moved under a contract for construction of ditches and dikes, plaintiff was not entitled to recover the contract price for the quantity of earth actually moved, unless the extra work was ordered by the district commissioners or engineer and was in furtherance of the improvement; neither having power to impose liability on the district for any other purpose.

2. Damages ⬅125—Damages recoverable for delay in making payments under contract limited to interest.

Generally, where there is delay in making payments under a contract for work being done, the damages recoverable are limited to interest at the legal or contractual rate for the time of the delay.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action at law by George W. Clark against the Green Briar Drainage District of the Counties of Crawford and Jasper, in the State of Illinois. Judgment for plaintiff, and defendant brings error. Reversed.

Rudolph J. Kramer, of East St. Louis, Ill., Walter T. Gunn, of Danville, Ill., and Stewart W. Kincaid, of Paris, Ill., for plaintiff in error.

James G. Burnside, of Vandalia, Ill., and S. Mayner Wallace, of St. Louis, Mo., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. Defendant in error Clark contracted in writing to construct for plaintiff in error (a drainage district organized under the Illinois drainage statutes) certain ditches and levees in accordance with specifications and profiles, at the price of 13½ cents per cubic yard of earth moved by Clark. The main controversy arises over his right of recovery for something over 200,000 cubic yards of earth he claims to have moved in excess of the original estimate of somewhat under 600,000 yards; also over the question of damages claimed by Clark to have accrued to him through failure to the district to make certain initial and subsequent payments to him as required by the contract.

Clark claims substantial performance of the contract, and that its full completion was prevented by plaintiff in error's engineer and com-

missioners taking possession of his dredge boats and preventing his giving it the final touches. He contends that his removal of earth, far in excess of the estimate in the proceedings for organizing the district and assessment of benefited lands, and in the contract, was by order of the commissioners of the district and its engineer, under whose direction the contract required him to do his work, and that he did the work only in accordance with the stakes they set for his guidance, and that whatever increase there was in the yardage was occasioned by his following strictly the directions of the commissioners and engineer.

The action was in assumpsit, and it was charged that there was about $25,000 due Clark for yardage, and another count charged loss and damage of $25,000 for failure of the district to advance funds, and cause estimates to be made, and to make partial payments, all as required by the contract; and a third count charges damage of $3,000 through being improperly required to move his dredge boat. A general verdict of $30,000 was rendered in favor of Clark, and judgment awarded therefor.

It is the contention for the district that, being a municipal corporation organized for a specific purpose, there was no authority in its officials to depart substantially from the specifications whereon the original estimates were made.

Upon the organization of the district the statute requires estimate to be made of the cost of the improvement and of the benefits to the lands proposed to be assessed therefor, and if the benefits are less than the cost the improvement may not be proceeded with. For this improvement it was estimated that about 600,000 yards of earth would have to be moved at an estimated cost of 12 cents per yard. It does not appear that the profiles and specifications made as the basis of the estimates were erroneous, but it does appear from the evidence that the amount of earth which Clark actually moved was upwards of 800,-000 yards—a rather startling excess over the estimate.

The law makes allowance for inaccuracies and contingencies, though it would not justify by way of excess or otherwise additional work which was not reasonably contemplated by the original proceedings. The very fact that the contract called for payment by the cubic yard rather than by fixing a definite sum would indicate that no hard and fast aggregate figure was intended, but that the reasonable necessities of the case should determine how much earth would be moved to properly carry out the improvement. So also as to price, it cannot certainly be known that contracts within the estimated price can be let. Indeed, in this case the contract price per yard was 12½ per cent. in excess of the estimated cost. While it would be difficult to lay down general rules applicable alike to all cases, it may here well be said that if the additional yardage was found to be reasonably within the contemplated improvement, and was authorized by those in charge of the work for the district, recovery therefor might be justified, notwithstanding the very considerable excess in yardage over the estimate.

Circumstances suggest themselves under which embarrassing questions might arise, not necessary now to be considered. For instance. if with the materially larger cost than as estimated it should be found

that the total cost exceeds the benefit to the lands to be assessed for its payment, to what extent would a judgment be availing if for its payment resort can be had only to further assessment of the same lands; and, perhaps, the further question whether, if the funds of the district are exhausted, the judgment could be satisfied in any manner other than by further assessment of the same lands, and by proceedings similar to those under which the original assessment was made.

[1] But assuming that recovery for the excess may be had where it appears that it was duly authorized by the district and was in furtherance of and reasonably within the contemplated improvement, it appears that upon these propositions of fact there was highly contradictory evidence. Clark maintained his work was all strictly within the direction of the district engineer and according to his stakes. This is denied, and it is asserted that much of the alleged excess, far from being authorized by the district, or for its benefit, was done by Clark wholly of his own motion and for his sole benefit—largely to enable him to move his unnecessarily wide dredge boat through the ditch. In this state of the evidence the court charged the jury as follows:

"The plaintiff is only entitled to have, if anything, the contract price for the dirt that was actually moved by him; and in determining what was the amount of earth removed by him from the ditch into the levee, or if he was to dig a ditch, the amount of dirt that was moved in digging the ditch—you have the evidence upon these two questions. You have the evidence of the witnesses who have testified in this case, pro and con, and upon that evidence you are to determine how much dirt went into this levee. It is contended further that more dirt went into the levee than was contemplated or was required by the plans and specifications; this man was operating under the direction of the board of commissioners, through their supervisors or engineers, and if he, by placing stakes, required the plaintiff to build the levee bigger and higher, and to make it more substantial than the plans and specifications required, and he did that in a reasonably fair and workmanlike manner, and substantially complied with these requirements, then the additional height, if any, is not a violation of the rights of the defendant, and the plaintiff would be entitled to that according to the contract price per unit of dirt removed."

In charging that "the plaintiff was entitled to have the contract price for the dirt that was actually moved by him," the test imposed was only the quantity of earth moved, regardless of whether the district authorized the excess. The latter part of the charge seems to take it for granted that whatever was done was done under the direction of the commissioners through their supervisors or engineers, thus taking this question from the jury, notwithstanding the sharp dispute in the evidence as to such authorization. But even if authorized by the engineer, unless the jury believed from the evidence that the excess was incidental to and in beneficial furtherance of the improvement, recovery therefor was not permissible. For instance, if it appeared that all or a substantial part of the excess was necessitated by the undue width of one of Clark's dredge boats, and was for his own benefit and in no manner to the advantage of the work, it would hardly be contended that recovery therefor could be had even if the excess width of the ditch was for this purpose authorized by the engineer. Under the circumstances of the case this charge was erroneous.

[2] On the subject of damages accruing to Clark through alleged delay of the district in performance of its part of the contract, evidence was admitted to the effect that through the failure of the district to make payments on the contract at the time therein specified Clark could not through lack of funds procure coal to operate the dredge boats, or to pay his men, and that thereby many days of idleness ensued which, it was testified, occasioned loss of as much as $145 per day. All of such evidence was objected to for the district on the ground that this was not a proper element of recoverable damage. With this evidence admitted and the court's general charge that for failure of the district to furnish or pay money as promised under the contract, either before or after the work began, Clark is entitled to recover whatever damages the evidence shows he suffered, the jury was at liberty to include in its verdict such damage to a considerable amount, possibly the far larger part of the verdict. The contract provided that the district should advance funds for dismantling, transporting, and installing Clark's equipment, which was assumed to be, and probably was, the dredge boats for doing the work. It turned out that these were located at considerable distance, one of them in Missouri and one in Indiana where it was being restored at large expense from the effects of a fire. There was dispute as to the amount to be advanced, but eventually about $14,000 was so advanced, and from time to time other advances were made before any work was done, and from time to time while the work was being done, until the entire amount paid Clark was over $85,000.

The district claims that the work was not completed and that for various reasons it was justified in not making certificates or estimates or making payments earlier than it did, and in fact asserts that it considerably overpaid Clark. These, of course, were questions for the jury.

But if the jury adopted Clark's contention and found that the district did delay both the initial payments and the payments from time to time to be made as the work progressed, and that as the result Clark did not have money with which to carry on the work and his equipment lay idle for considerable time, the question as to the lawful measure of damages at once arises. Generally, where there is delay in the making of stipulated payments, the only recoverable damage accruing to the payee is interest at legal or contractual rate for the time of delay. Loudon v. Taxing District, 104 U. S. 771, 26 L. Ed. 923; Bayou Levee District v. Roach, 174 Fed. 949, 99 C. C. A. 453; Harrison v. Clarke. 164 Fed. 539, 90 C. C. A. 413; Arnott v. Spokane, 6 Wash. 442, 33 Pac. 1063; Sutherland, Damages, vol. 1, § 76. This being so, it was manifestly and seriously erroneous to admit evidence of loss to Clark (apart from interest) through the idleness of his equipment.

For the errors indicated the judgment must be and is reversed, and the cause is remanded for a new trial.