## GREEN BRIAR DRAINAGE DIST. OF CRAWFORD AND JASPER COUNTIES, ILL., v. CLARK.

(Circuit Court of Appeals, Seventh Circuit. April 15, 1925. Rehearing Denied May 29, 1925.)

No. 3423.

1. **Drains** ⬅⬆49—**Instruction in drainage contractor's action held improperly modified, as related to recovery for excess yardage.**

Requested instruction, in drainage district contractor's action, involving principally right to recover for excess yardage, that if plaintiff had failed to complete work according to contract he could not recover, *held* improperly modified, by adding "except so much of said work as he may have performed in accordance with directions of officials and engineers, and which was incident to and in beneficial furtherance of the improvement."

2. **Drains** ⬅⬆49—**Denial of instruction precluding contractor's action for excessive yardage necessitated by unduly large equipment held error.**

In action involving drainage district contractor's right to recover for excessive yardage, denial of requested instruction that, if any part of such excess was necessitated by unduly large equipment used, no recovery could be had therefor, *held* error.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action by George W. Clark against Green Briar Drainage District of the Counties of Crawford and Jasper in the State of Illinois. Judgment for plaintiff, and defendant brings error. Affirmed, on condition remittitur be filed.

Walter T. Gunn, of Danville, Ind., and Rudolph J. Kramer, of E. St. Louis, Ill., for plaintiff in error.

S. Mayner Wallace, of St. Louis, Mo., and James G. Burnside, of Vandalia, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The facts are sufficiently stated in our opinion in the same case, reported in 292 F. 828; the present record being substantially like that then before us. Many of the contentions made here by plaintiff in error were heretofore considered and disposed of in the former opinion, and we see no reason to depart from what was there concluded. Various errors are now alleged in the admission and rejection of evidence. While in strictness it might be said some of the rulings thereon were objectionable, we do not find in any of

them such error as substantially prejudiced the rights of plaintiff in error.

[1] Exceptions are taken to the charge of the court, two of which we deem important. Defendant in the action requested a charge that, if the jury believed from the evidence that plaintiff failed to complete the work in accordance with the contract plans and specifications, and his breach was not induced by defendant or its agents, plaintiff was barred from recovering on the first count of the declaration. Defendant was clearly entitled to this charge, and the court gave it, but supplemented it with the clause, "except so much of said work as he may have performed in accordance with the directions of the officials and engineers, and which was incident to and in beneficial furtherance of the improvement."

In one sense, it might be said that the charge in this form excepted all of the yardage of earth moved, since all must have been incident to the improvement to be any part of it. But it is evident, in view of the fact that the controversy raged largely about the very considerable excess of yardage over the original estimate, that this had reference only to the excess over that estimate. Considering it as referable only to the excess, it is not correct to say that failure to complete the contract according to its terms would defeat recovery except for the excess yardage, provided this was incident to and in beneficial furtherance of the improvement. By this added clause the court undertook to incorporate a statement from the opinion of this court, where it was said: "While it would be difficult to lay down general rules applicable alike to all cases, it may here well be said that, if the additional yardage was found to be reasonably within the contemplated improvement and was authorized by those in charge of the work for the district, recovery therefor might be justified, notwithstanding the very considerable excess in yardage over the estimate." This cannot and does not mean such excess is to be regarded as separate and apart from the contract itself, and as such recoverable at contract price per yard, regardless of whether the contractor had complied with his contract. The excess may not be considered as something separate and apart from the contract, but as contemplated by or incident to it, and thus in fact a part of and falling within the contract itself, notwithstanding it was substantially in excess of the contract estimate.

[2] Another request was to the effect that, if the evidence showed that any part of the excess yardage was necessitated by plaintiff's own convenience, or by the equipment which was used, then for such part of the excess yardage he cannot recover. One of the contentions for plaintiff in error, and on which both sides offered evidence, was that defendant in error employed in this work a floating dredge of considerably greater width than contemplated by the contract. Indeed, the contract called for a dredge with 1½-yard dipper, whereas one of the two dredges which defendant in error installed on the work had a 1¾-yard dipper, and the contention is that the boat required to carry this dipper was wider than necessary, and that, in order to float the boat, the ditch had to be made wider than called for by the contract, and that such excess was not contemplated by or of benefit to the improvement, but wholly for the convenience of the contractor. In the opinion we said: "For instance, if it appeared that all or a substantial part of the excess was necessitated by the undue width of one of Clark's dredge-boats, and was for his own benefit, and in no manner to the advantage of the work, it would hardly be contended that recovery therefor could be had even if the excess width of the ditch was for this purpose authorized by the engineer." This states in effect the applicable principle, and the court should have charged the jury substantially as requested. No charge of the requested nature was given, and in this there was error.

There have been two long and expensive trials of the cause, and it is highly desirable that this litigation be terminated without another trial, if this can properly be done in such manner as to purge the judgment of the harmful effect of the indicated errors. Such end can be attained only through a suitable reduction in the amount of the judgment rendered. What this reduction should be is, of course, more or less problematical. Mathematical exactness can in no event be achieved, either by court or jury. Careful study leads us to conclude that under all the circumstances a judgment of $18,000 and costs may be upheld as one which would make due allowance for the suggested errors, and at the same time do substantial justice between the parties, and be of far greater benefit to all concerned than the continued waging of this already too long drawn out legal warfare.

If, therefore, within 30 days from the filing of this opinion, there shall be exhibited

in this court a certificate of the clerk of the District Court showing a remittitur by plaintiff in the action of the sum of $7,000 from the judgment as rendered, judgment for the amount as so reduced will be affirmed, with costs of this court on this writ of error divided between the parties; otherwise, such order will then be entered herein as to the court shall seem proper.