## DANIEL BROS. CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit.
October 29, 1928.

No. 5262.

John E. McClure, of Washington, D. C., and Harold Hirsch, of Atlanta, Ga., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau Internal Revenue, and L. W. Scott, Sp. Atty., Bureau Internal Revenue, both of Washington, D. C., and John Vaughan Groner, Howard T. Jones, and J. Louis Monarch, Sp. Asst. Attys. Gen., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The Board of Tax Appeals decided against a contention of petitioner, a Georgia corporation, that in the determination of its taxable income for the fiscal years ending August 31, 1920, and August 31, 1921, it was entitled to deductions on account of interest paid by reason of payments it made during those years under a contract the pertinent provisions of which, and petitioner's payments thereunder, were stated as follows in the Board's finding of facts:

"On June 1, 1920, the petitioner entered into written contract with Mrs. Josephine I. Richardson, to purchase from her the real estate at 45 Peachtree street, Atlanta, and at the same time she executed a deed to the property which was placed in escrow to be

delivered to the petitioner upon the performance by it of its obligations under the contract. The terms of the contract were that the petitioner should pay to Mrs. Richardson $3,000 per month for a period of 144 months, with the privilege of paying the entire amount under the contract at any time after six years from the date thereof, in which event it would be allowed 'six (6%) per cent. for the actual time represented by the prepayment of the then unpaid payments.' The contract also provided that if the petitioner failed to make any of such monthly payments of $3,000 and should remain in default of such payment for thirty days after receiving notice thereof from Mrs. Richardson, the petitioner's interest in the property should be forfeited and that Mrs. Richardson would refund to the petitioner $500 of each monthly payment theretofore made and would retain $2,500 of each monthly payment which would be considered as rent for the property.

"During the fiscal years ending August 31, 1920, and August 31, 1921, the monthly payments provided by the contract were made by the petitioner."

With an exception which is not material in this case, petitioner was entitled, in the computation of its net income subject to tax for the years 1920 and 1921, to be allowed as a deduction "all interest paid or accrued within the taxable year on its indebtedness." Section 234, Revenue Act of 1918 (40 Stat. 1077) and Revenue Act of 1921 (42 Stat. 254). We do not think that, in paying the purchase-money installments in question the petitioner paid interest on its indebtedness within the meaning of the quoted provision of the statute. The language of that provision indicates that the lawmakers had in mind what is paid by or accrues against the taxpayer in consequence of its using or withholding money to which another is entitled. Loudon v. Taxing District, 104 U. S. 771, 26 L. Ed. 923; 15 R. C. L. 3.

Under the transaction between the petitioner and the seller of the property dealt with petitioner did not receive or have the use of any money of the seller prior to an installment of the price becoming due. Petitioner's promise to pay stated installments of the purchase price were not promises to pay money which the seller owned or would be entitled to prior to the installments becoming payable. Before the installments were payable petitioner did not use or withhold any money to which the seller was entitled. An obligation to pay the agreed price of property in installments falling due in the future cannot properly be regarded as including an obligation to pay interest. There would be an obvious lack of plausibility in a contention that in the case of any contract of sale under which the agreed price is payable, not when the sale takes effect but thereafter, the buyer's compliance with his obligation to pay the agreed price involves the payment of interest. To sustain such a contention would amount to saying that under the quoted provision of the statute every credit purchase of property by the taxpayer gives rise to a right to a deduction for interest paid or accrued, on the theory that the credit price includes what the cash price would have been and interest on the amount of the cash price.

The petition is denied.