FRANCISCO ANGLERÓ, demandante y apelante, *v.* MUNICIPIO DE FAJARDO, demandado y apelado.

Núm. 6661.—*Sometido:* Noviembre 6, 1935. *Resuelto:* Mayo 26, 1936.

*Victoriano M. Fernández,* abogado del apelante; *Bolívar Pagán,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Angleró, contratista independiente, entabló pleito de daños y perjuicios contra el municipio de Fajardo.

El Auditor y el Tesorero Municipales después de haberse aceptado finalmente el trabajo, retuvieron por algún tiempo dos cheques que debieron haber entregado al contratista. La primera causa de acción del demandante se fundó en este acto ilegal. Sin embargo, el juez de distrito resolvió que los daños y perjuicios reclamados por el demandante no eran recobrables.

El demandante había tomado dinero a préstamo con el propósito de realizar el trabajo. Los daños y perjuicios que ahora trata de recobrar del municipio surgieron de uno u otro modo por haber dejado él de cumplir sus propias obligaciones. Podría ser que el haber dejado él de cumplir sus obligaciones se debió a su vez al acto ilegal del municipio. El contrato del demandante de devolver el dinero tomado por él a préstamo era sin embargo un contrato colateral. El municipio no era una parte en el mismo. Nada hay que demuestre que el municipio tuviera conocimiento del capital limitado del contratista o de que carecía de fondos suficientes para efectuar el trabajo. Los daños especiales provenientes de las circunstancias peculiares de la situación económica del contratista no estuvieron en la mente de las partes que intervinieron en el contrato celebrado con el municipio. Creemos que la corte de distrito estuvo en lo cierto al resolver que el contratista no podía recobrar tales daños y perjuicios. *Loudon* v. *Taxing District,* 104 U. S. 773; *Ryan* v. *City of New York,* 143 N. Y. Supp. 974, 159 App. Div. 105; *Wilson* v. *Nelson,* 153 Pac. 1179; *J. H. Tillman Co.* v. *City of Seaside,* 25 Pac. (2d) 917; *Scheer* v. *Nelson,* 205 N. W. 250; *Arnott* v. *City of Spokane,* 33 P. 1063; *Green Briar Drainage District* v. *Clark,* 292 Fed. 828; *Board of Directors* v. *Roach,*

174 Fed. 949; *Beck* v. *Wilbois*, 190 N. W. 376; *Kennedy* v. *Hudson*, 138 So. 282; 44 Corpus Juris, sección 2594.

Al tiempo de celebrarse el contrato con el municipio el contratista suscribió un documento adicional por el que convenía en efectuar cierto trabajo adicional, que sería, o probablemente se haría necesario, a los precios por unidad fijados en el contrato. Luego el contratista realizó una parte considerable de este trabajo adicional, mas parte del mismo fué hecho por el propio municipio o por otras personas bajo la supervisión de éste.

El demandante en su segunda causa de acción trataba de recobrar como daños y perjuicios los beneficios que hubiera obtenido del trabajo adicional realizado por el municipio o bajo su supervisión si se le hubiera permitido o exigido que él lo hiciera. La corte de distrito llegó a la conclusión de que el municipio no se había obligado en forma alguna a hacer que el total o parte de tal trabajo adicional fuese hecho por un contratista independiente, o sea, por el aquí demandante. No hallamos error en esto.

Cuanto hemos dicho resuelve las cuestiones principales suscitadas por el apelante. Otras no exigen seria discusión. Los errores, de haberse cometido, no exigirían una revocación.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Travieso no intervino.