## HUNDAHL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9748.

Circuit Court of Appeals, Fifth Circuit.

March 20, 1941.

Eustis Myres, of Dallas, Tex., for petitioner.

John J. Pringle, Jr., and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Int. Rev., and Ellyne E. Strickland, Sp. Atty., Bureau of Int. Rev., all of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The taxpayer was divorced from his wife, and in a voluntary settlement of their community estate he purchased her share (except designated personal effects) by a written instrument in which he agreed to pay $10,000 in cash and $300 per month for ten years, besides other payments. Petitioner and his attorney considered the present value of the property and interest on it at 3½ percent during the period of the instalments in arriving at the amount of the instalments, and discussed giving notes bearing interest, but the instalment plan was thought likely to be more attractive to the wife and that plan was presented to and accepted by her. The written agreement does not mention interest, but does provide that petitioner should carry life insurance in an amount equal to the unpaid instalments discounted at 5 percent compound interest, to protect them, and that at the end of five years he may discount the unpaid installments at that rate. The following year, 1937, he paid $3,600 of the instalments, and claimed in his income tax return a deduction of $1,568 for interest included therein. The Commissioner denied the deduction and the Board of Tax Appeals upheld him. We affirm the Board.

No interest was paid or agreed to be paid. The written agreement requires part of the purchase price to be paid in cash and the balance in fixed future instalments. It does not matter how petitioner in his own mind or in discussion with his attorney arrived at the amount he would agree to pay. As the agreement was worded, there was no interest and all was principal. The provisions for discount in case of his death

or after five years do not alter this, but emphasize it. If interest were running the provision would not be for a discount, but one to pay principal and stop interest. Each instalment paid is a capital investment. Daniel Bros. Co. v. Commissioner, 5 Cir., 28 F.2d 761; Corbett Investment Co. v. Commissioner, 64 App.D.C. 121, 75 F.2d 525.

Affirmed.