## PENNSYLVANIA CEMENT CO. v. BRADLEY CONTRACTING CO. et al.

(Circuit Court of Appeals, Second Circuit. July 12, 1926.)

No. 394.

**1. Corporations ☞548(1).**

Creditor of corporation *held* to have converted his claim into preferred stock of corporation, and not entitled to allowance of claim in creditors' suit.

**2. Corporations ☞548(1)—Creditor of corporation held not entitled to allowance of claim for interest on indebtedness settled before creditors' suit.**

Creditor of corporation, who accepted preferred stock in amount equal to claim in settlement thereof, *held* not entitled to allowance of claim for interest in creditors' suit thereafter instituted.

**3. Appeal and error ☞878(1).**

Receivers in creditors' suit, not appealing from partial allowance of claim, cannot object thereto on appeal by claimant.

Appeal from the District Court of the United States for the Southern District of New York.

Creditors' suit by the Pennsylvania Cement Company against the Bradley Contracting Company. From an order disallowing in part the claim of William Bradley, Stephen U. Hopkins and others, trustees in bankruptcy of claimant, appeal. Order affirmed.

See, also, 7 F.(2d) 822; 11 F.(2d) 687.

Appeal from an order entered in a general creditors' suit in the District Court for the Southern District of New York, disallowing the major portion of appellants' claim as creditors.

The corporate defendant was formed to take over the business of William Bradley and some of his kin, and after its formation Bradley admittedly loaned it money. When the corporation had passed into the hands of receivers, and insolvency was obvious, Bradley on December 14, 1918, filed his claim as creditor for money loaned on or before December 31, 1917. It was admitted that Bradley had loaned the company upwards of $400,000, but defense was that on or about February 15, 1918, he had devoted or expended his credit for the loan to the purchase of preferred shares of stock in the Bradley Company.

Proof was that in books of account of Bradley Company, kept under William Bradley's direction, his account was credited on June 12, 1917, with checks aggregating $414,803.62, representing the principal of loans made (one of them) as far back as 1913. The checks had been issued to Bradley by the corporation, and had never been presented. When their amount was credited to William Bradley, no credit was given for interest thereupon, wherefore, on February 15, 1918, when the alleged purchase of or subscription to the new issue of preferred stock occurred, the entire book indebtedness of Bradley Company to Bradley was this principal amount, less some payments or debits which are now immaterial.

On that February 15 the whole credit balance on the books was wiped out by the issue to Bradley of an appropriate number of shares of preferred stock.

The lower court held that there was ac-

tually made the subscription or purchase alleged by the defendant's receivers, and therefore rejected the main claim of Bradley, who before decision became bankrupt, for which reason this appeal is prosecuted by his trustees.

But the master who tried the cause held that the stock transaction referred only to the principal of the debt to Bradley, and further held "that the claim of William Bradley should be allowed in a sum equal to the amount of interest that was due and unpaid on his loans on February 15, 1918," and directed that "the items of interest thus allowed may be agreed upon by the parties."

Exceptions were filed to the report by Bradley's trustees, which naturally did not raise any question as to the amount of interest due Bradley under the master's ruling. They were overruled, and the decree entered, from which this appeal was taken by the trustees only. In decree the Bradley claim is allowed at $17,772.44 only, a sum recited to be "equal to the amount of interest due and unpaid on his two loans on February 15, 1918." But we fail to find in the record any evidence relating to this computation, or any statement that the court below ruled upon any contest between parties on this point; and the decree is entered on the motion of attorney for Bradley's trustees, after hearing counsel for defendant's receivers "in opposition thereto." The natural inference is that, if the parties did not agree as advised by the master, the figures are those of the moving party.

The trustees' appeal is from the whole decree, and the only assignment of error that can be said to relate to the interest matter is that the court erred "in allowing the claim of William Bradley only to the extent of $17,772.44."

John J. Curtin, of New York City (Wesley S. Sawyer, of New York City, of counsel), for appellants.

Leo Oppenheimer, of New York City (Samuel H. Kaufman, of New York City, of counsel), for appellees.

Before HOUGH, HAND, and MACK, Circuit Judges.

PER CURIAM. [1] We have carefully considered the question whether William Bradley did or did not substantially convert the indebtedness of Bradley Company to himself into preferred stock of that concern. It is almost wholly a question of fact, and one on which Mr. E. H. Childs, the master, and Thacher, J., have agreed in considered

opinions. We do not think it necessary to add anything to their conclusions on the main issue, and agree in rejecting Bradley's claim.

[2] Whether appellants are entitled to more interest than was allowed them depends on two questions: (1) Whether, under the circumstances above set forth, they can as matter of practice argue the point; and (2) whether they were entitled to any interest at all, if the finding that Bradley converted his credit into stock be accepted.

We pass the first point, mentioning it only because we do not wish to appear as approving the practice, but on the second are of opinion that there should have been no interest allowance. We think that what was intended, what was agreed to on the insistence of creditors of Bradley Company, and what is shown by the books of that concern, is that on February 15, 1918, Bradley converted his whole demand, principal and interest, into preferred stock. If that was not the intent, the undoubted fact that books kept as Bradley wanted them kept show 'no mention of interest, and would not balance if they did, cannot be explained. William Bradley died before decision below; his testimony was, to say the least, disregarded in reaching the result on the main case; we think it worth no more on the interest question, which, indeed, seems to us an afterthought.

[3] The receivers, however, having taken no appeal, cannot now object to what we incline to believe they agreed to.

Order affirmed, without costs.