**GREEN v. HAWKINS & ANTOON et al.***
No. 4333.

Court of Appeal of Louisiana.  Second Circuit.
June 29, 1932.

*Rehearing granted July 14, 1932.

Ponder & Ponder, of Many, for appellants.
Boone & Boone, of Many, for appellee.

McGREGOR, J.

In this suit the plaintiff is demanding judgment against the defendants for the sum of $119.80, alleged to be due for hauling material and supplies to and from two oil wells, one of which is alleged to have been drilled and the other of which is alleged to be in the process of being drilled at the time of filing this suit. In his petition he alleges that he has a first lien and privilege on the standard rig and equipment located on the completed well, on the two derricks, on two strings of six-inch pipe or casing in the two wells, and on the two leases on which the wells are located.

Upon this statement of facts he alleges that he is entitled to a writ of provisional seizure to have all of said property on which he has a lien and privilege seized and held subject to the further orders of the court.

No allegation was made by the plaintiff that he believed that the leases or wells, or either of them, is or are about to be discontinued, or that the rigs, machinery, appurtenances, and appliances thereto attached are about to be sold or removed from the place where his service was performed, so as to deprive him of his lien and privilege.

In accordance with the prayer of the petition, a writ of provisional seizure was issued, and under it there was seized the following property, to wit: Two oil wells; 2 derricks; 1 standard rig and all equipment; 120 joints of six-inch pipe; 1 drilling rig complete, including pump, engine, rotary, and bailer.

Defendants filed an exception to the jurisdiction ratione personæ, based on the allegation that they were residents of the parish of Natchitoches and that therefore the court of Sabine parish could have no jurisdiction over them to try the suit. This exception was overruled, and the defendants then filed an answer in which they reserved all their rights under the exception.

In their answer the defendants admitted that the plaintiff did some hauling for them, but that it all had been paid for except $170, and that under the terms of their contract with the plaintiff this sum was not to be paid except out of one-fourth of seven-eighths of the oil produced and sold from one of the wells. It is then alleged that no oil had been produced and/or sold from the said well, and that therefore the said debt is not yet due and payable under the terms of the contract.

Upon trial in the district court there was judgment in favor of the plaintiff for $170; his first lien and privilege on and against all the machinery, including the drilling rig and standard rig and the drill stem pipe and casing seized under the writ of provisional seizure, was recognized; the writ was sustained and the property ordered sold to satisfy the judgment. It is from this judgment that the defendants have appealed.

On the Plea to the Jurisdiction.

No testimony was introduced on this plea and it was overruled by the trial court. After answer was filed and defendants' rights under said plea had been reserved, the case was tried and the testimony of all the witnesses on both sides was taken. No evidence was introduced on the point raised in the plea. An examination of the citations in the case reveals that they were addressed to the defendants as residents of Sabine parish and personal service was made on each in that parish. Under these circumstances we can find no error in the ruling of the trial judge and he is therefore sustained.

On the Merits.

In their answer defendants admitted that they owed the plaintiff $170 for hauling a standard rig from the town of Tullis, but they allege that under the terms of an oral contract this sum was due and payable only out of one-fourth of seven-eighths of the oil from the well where the said rig was erected as and when any oil should be produced from said well and sold. The lower court found that the defendants were correct in their contention that the only sum due was $170, but the claim that the payment of this sum was dependent upon the production and sale of oil was rejected. The plaintiff has not appealed, nor has he answered the appeal; therefore he is bound by the judgment in so far as he is concerned.

On the question of the payment for the moving of the standard rig being dependent upon the production and sale of oil, the testimony is very unsatisfactory. This is a special defense, and in order to be established there must be a preponderance of evidence supporting it. We do not find this to be true, and we therefore sustain the lower court in rejecting the defense.

■ When the plaintiff brought this suit he evidently was relying upon Act No. 171 of 1928, and procured a writ of provisional seizure thereunder. That act creates a lien and privilege in favor of "any person or persons who shall perform any labor or service in the *operation* of any oil or gas well or wells." Section 1. The evidence in this case discloses the fact that the service performed by the plaintiff consisted only of hauling from one location to another and that he performed no labor or service in the *operation* of any oil or gas well or wells. This being true, plaintiff was not entitled to a writ of provisional seizure under this act.

While, as we said above, it is evident that plaintiff initiated this suit under Act No. 171 of 1928, it is equally evident that the trial judge decided that the plaintiff's privilege arose out of his labor and service performed as a carrier. There is no written opinion in the case, but the briefs of counsel on both sides indicate this to be true. The privilege of the carrier is provided for in article 3217, subd. 9, of the Revised Civil Code.

■ Counsel for defendants take the position that since plaintiff based his demand upon the privilege provided in Act No. 171 of 1928, he cannot in argument claim a privilege under an article of the Civil Code after the trial of the case develops he has no right to the lien and privilege alleged upon in his petition. It will be noted that in his petition he claims a lien and privilege for "labor in hauling material and supplies." The wording of the demand for a privilege indicates a carrier's privilege rather than a privilege granted for labor performed in the operation of a well. The proper remedy to enforce the carrier's privilege is a writ of sequestration and not provisional seizure. The fact that plaintiff sought and procured a writ of provisional seizure as is provided for in the act creating a lien and privilege for labor performed in the operation of a well does not deprive him of his carrier's lien and privilege, which is alleged and proved and really admitted. Furthermore, plaintiff's action in seeking to enforce his lien against property as provided for in the Act No. 171 of 1928, should not deprive him of his lien on such property as the Code provides shall be subject to the carrier's privilege, particularly since the allegations of his petition and the proof thereunder sustain the said privilege. Plaintiff's rights in this respect are fully protected under his prayer for general relief.

■ Plaintiff can have no lien on anything except that which he actually hauled and which has not been paid for. The judgment appealed from is for $170 for the hauling of a standard rig. Under the testimony and the finding of the lower court, all the other stuff that was hauled was paid for. Plaintiff has not appealed, nor has he answered defendants' appeal. He is, therefore, bound by this finding and judgment of the lower court.

For the reasons assigned, it is ordered, adjudged, and decreed: (1) That the judgment appealed from be and the same is hereby reversed and set aside in so far as it may have sustained the writ of provisional seizure, which is hereby dissolved; (2) that it be amended by confining and restricting plaintiff's lien and privilege to the standard rig hauled by him; (3) that as thus amended the said judgment is affirmed; (4) that the costs of the lower court, except that incurred in connection with the issuance of the writ of provisional seizure, be paid by the defendants; and (5) that the costs of this court be paid by plaintiff.