### GREEN v. HAWKINS & ANTOON et al.

### No. 4333.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

For former opinion, see 142 So. 742.

Ponder & Ponder, of Many, for appellants.

Boone & Boone, of Many, for appellee.

PALMER, J.

This case is before us on rehearing. In our original opinion, reported in 142 So. 742, a full statement of the case is made, which suffices at this time.

Defendants appellants moved for a rehearing alleging in effect:

(1) That the court erred in holding that the exception to the jurisdiction of the court was not good;

(2) That the court erred in recognizing a carrier's privilege upon the rig hauled, without a carrier's privilege having been expressly alleged as such, since privileges are strictly construed, and must be specially alleged;

(3) That the court erred in affirming the judgment of the lower court which granted a judgment in solido against the individual members of the defendant partnership, inasmuch as this is an ordinary partnership in which each partner is bound only for his virile share.

We shall discuss these grounds in the order stated.

Exception to the Jurisdiction of the Court.

It appears from the record and also from the statement of counsel, which we fully accept, that the exception to the jurisdiction of the court was fixed for trial in the district court in advance of the trial on the merits, but that it was not actually tried because the lower court at that time, due to the character of writ obtained by plaintiff, assumed that Act No. 171 of 1928, granting a privilege to laborers engaged in drilling a well in search of oil or gas, was the law governing the case, and that, under this act, plaintiff had a right to bring this suit in Sabine parish, regardless of the domicile of defendants.

In view of the recent decisions of this court to the effect that the said act (No. 171 of 1928) does not create a privilege in favor of laborers working upon the well if it is a dry hole, we would unhesitatingly remand the case for the purpose of receiving testimony on this plea, if it really had any bearing on the case; but, in our opinion, the district court of Sabine parish did have jurisdiction to try the case, because the petition alleges and the facts show that the defendants Hawkins & Antoon comprise a copartnership operating in the parish of Sabine, engaged in the business of drilling oil and/or gas wells. The facts further show that plaintiff, in the parish of Sabine, engaged to perform work for which this suit is brought to recover compensation.

Of course, the general rule is that a defendant must be sued at his domicile, but there are exceptions to this general rule. Article 165 of the Code of Practice of Louisiana, par. 2, in dealing with these exceptions, provides:

"*Partnership.* In matters relative to partnership, as long as the partnership continues, in all suits concerning it the parties must be cited to appear before the tribunal of the place where it is established, or if there are several establishments, before that of the place where the obligation was entered into."

In the case of Hayes Machinery Company v. Eastham et al., 147 La. 347, 84 So. 898, 900, the Supreme Court passed on this question, although not considering a plea to the jurisdiction of the court, but only an exception of no cause of action. In that case, it was alleged that plaintiff, a Texas corporation, sold to the Universal Gin Company, of Marshall, Tex., composed of J. M. Eastham, J. W. Clarke, and Lee Kinnebrew, composing a commercial partnership, all residents of Caddo parish, La., certain machinery, and the suit was for the balance due on the purchase price. Defendants, sued as individuals in the

district court of Caddo parish, La., pleaded the exception of no cause of action on the ground that the petition alleged the existence of a partnership in the state of Texas, and that plaintiff could only bring its suit against the partnership. In passing on the exception, the Supreme Court said: "If the alleged partnership was domiciled in Caddo parish, or if it had had a business there, though domiciled elsewhere, it and the present defendants might have been sued jointly there."

Continuing, the court said: "Thus our law of procedure specifically requires that suits of the present character must be brought either at the domicile of the partnership, or, if it has two or more places of business, at the place where the obligation was entered into."

The case of Rester v. Moody & Stewart, 172 La. 510, 134 So. 690, 691, presents a case where the defendants, being domiciled in the state of Mississippi, pleaded to the jurisdiction of the court because of their nonresidence of the state of Louisiana. In passing on an exception to the jurisdiction of the court filed by the defendants, the Supreme Court said: "The contractors, Moody & Stewart, compose a partnership which has its domicile in the state of Mississippi. But it came to Washington parish and there entered into a contract to build a road in that parish, and when this suit was filed the partnership was in that parish, where the suit was brought, and service was made on J. O. Stewart, one of its members. The suit was properly brought against the partnership in Washington parish. Paragraph 4, § 1, Act No. 179 of 1918; paragraph 5, art. 165, Code of Practice."

It is clear, therefore, that, since Hawkins & Antoon constitute an ordinary partnership, doing business in Sabine parish, La., and having made the contract sued on in that parish, and the partnership and the individual members composing it having been personally served in that parish, the district court of that parish clearly had jurisdiction in this case.

## Carrier's Privilege.

■■ The lower court held, and in our former opinion we affirmed the holding, that plaintiff alleged and proved a carrier's privilege on the rig hauled. It is true, the writ of provisional seizure that was issued in the case was an improper writ and, in our original opinion, it was dissolved, but, notwithstanding that fact, if plaintiff has sufficiently alleged a carrier's privilege, he may in the judgment rendered have it recognized and the property in question ordered seized and sold to pay and satisfy his debt.

In our opinion plaintiff sufficiently alleged in paragraph 2 of his petition a carrier's privilege, for in that paragraph he avers, in effect, that the sum sued for is to pay for labor performed in hauling material and supplies to and from certain wells drilled and being drilled in Sabine parish. After making the allegations as to the nature of the labor performed, plaintiff avers that he has a first lien and privilege on the standard rig and equipment of the defendant, located on certain wells, which was the property or equipment he did haul. True enough, plaintiff may have sought to bring his case within the provisions of Act No. 171 of 1928. He did actually secure the writ provided for by that act and not the writ to which he was entitled to enforce a carrier's privilege. But, even so, he is sufficiently definite in his allegations to set forth the nature of his claim, which clearly shows that it was for hauling certain material, rig, and equipment on which he claims his privilege.

While, with the dissolution of the writ of provisional seizure, the property on which plaintiff asserts his lien ceases to be in the custody of the court, yet plaintiff's lien may be recognized in the judgment of the court rendered in this case and enforced against that property, if it is available.

We have reached these conclusions upon an analysis of plaintiff's pleadings, notwithstanding the fact that counsel is correct in his view that privileges must be clearly alleged and proved and strictly construed.

## Judgment in Solido against Defendants.

■ We quite agree with defendants' counsel that a partnership engaged in drilling oil and gas wells is not a commercial partnership, under article 2825 of the Civil Code, but is rather an ordinary partnership, under article 2826 of the Civil Code. Then, if it is an ordinary partnership, the partners are not bound in solido for the debts of the partnership, but the liability of each partner is limited to his virile share. In our original opinion, we were in error in affirming the judgment of the lower court in the particular in which the defendants were cast, in solido, for the amount awarded plaintiff.

Accordingly, the judgment of the lower court is amended by dissolving the writ of provisional seizure issued in the case, and by making each member of the defendant partnership responsible only for his virile share of the sum decreed to be due plaintiff, and, as thus amended, it is affirmed; plaintiff, appellee to pay all costs of appeal.