**BACON v. FEDERAL LAND BANK OF COLUMBIA.**

**In re BACONTON LAND CO.**

No. 9094.

Circuit Court of Appeals, Fifth Circuit.
Jan. 22, 1940.
Rehearing Denied March 13, 1940.

R. J. Bacon, of Albany, Ga., for appellant.

Harry D. Reed, of Columbia, S. C., and Sam S. Bennet, of Albany, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The judgment appealed from is one dated January 5, 1939, entered on a petition for relief as a farmer filed under Bankruptcy Act, Sect. 75, 11 U.S.C.A. § 203, which reinstated the withdrawn petition, held it not to be within the purview of Section 75, and disapproved and dismissed it. A brief recital of uncontested facts will help to an understanding of the points made.

Mrs. Lucia Bacon, wife of R. J. Bacon, died intestate, domiciled in Georgia, April 29, 1933. There was no administration on her estate in the Court of Ordinary. On April 9, 1934, her heirs at law, some being of age, and some minors represented by their father R. J. Bacon, brought a bill in a State court to enjoin a pending proceeding to partition three hundred acres of land in which Mrs. Bacon's estate had a one-seventh interest, and to set apart and administer her share to her heirs, and to this end a receiver was prayed. R. J. Bacon was "appointed receiver for said realty, to be governed by the orders of this court." On March 25, 1938, R. J. Bacon as receiver petitioned this court to construe and order the receivership to extend to the full administration of the estate of Mrs. Bacon, alleging that at her death she owned personal property, including all the stock of a Florida corporation, Baconton Land Company, which was dissolved in 1935, and its assets remaining were certain livestock, a $5,000 second mortgage on the Baconton Plantation in Georgia, and thirty acres adjoining; that the family lived on the said plantation, and Mrs. Bacon had farmed it during her life, and Baconton Land Company did after her death, and the receiver was continuing the farming operations, for which he prayed the court's approval and an order to continue. The court on the same day made an ex parte order which stated that Bacon had been appointed receiver with the intention that he be Mrs. Bacon's personal representative, and he having so acted, the order of appointment was enlarged to include all the assets of Mrs. Bacon and the assets of Baconton Land Company, and the farming operations were ordered to continue until further order. On the same day Bacon as receiver petitioned the State court, stating that he was farming seventy-five acres, on which Mrs. Bacon at her death was as a farmer raising poultry and livestock, and it was a part of the Baconton Plantation which was all subject to a first mortgage thereon, under a power in which a sale was advertised by the mortgagee Federal Land Bank of Co-

lumbia, and the prayer was for authority to apply for relief under Section 75 of the Bankruptcy Act. The requested authority was granted.

On March 30, 1938, Bacon as receiver, exhibiting these orders and claiming to be the "personal representative" of Mrs. Lucia Bacon, petitioned the bankruptcy court for relief under Section 75, asserting that Mrs. Bacon at her death was a farmer engaged primarily in the production of poultry and livestock from which her principal income was derived, that he as receiver was still carrying on the operations by raising livestock, and desired to effect a "composition or extension of time to pay off the securities which are a lien on the property and equities of the estate as shown in Exhibit D, and the debts of said estate, under Section 75 of the Bankruptcy Act." The annexed schedules showed as assets a town lot, thirty acres of land, second mortgage for $5,000 on the Baconton Plantation with possession as mortgagee of seventy-five acres, thirty sheep, fifteen cattle, five turkeys, a cream separator, and a nine year old Buick automobile. Exhibit D named as creditors Federal Land Bank of Columbia, having a claim of $24,000, secured by title to the Baconton Plantation, to which Mrs. Bacon's equities, derived from Baconton Land Company, "are subject but she did not assume the debt"; a debt for purchase money of the cream separator of $20 due by Baconton Land Company; an open account of $26 owed by Mrs. Bacon, and some taxes due on town lot and personal property.

On March 31, 1938, the supervising Conciliation Commissioner reported that at the death of Mrs. Bacon in 1933, raising poultry and livestock was not farming as defined by Section 75, and she was not a farmer, and that a court receiver farming under the orders of an equity court was not a farmer under the Act, and recommended disapproval of the petition. Before the judge acted on this report, on April 4, 1938, Bacon "withdrew and dismissed" his case, with the approval of the judge, but we find no order signed by the judge. The dismissal was pursuant to an agreement made with the attorneys for the Federal Land Bank that this should be done, that the Bank should sell and buy in the land, and should resell it on favorable terms to a person to be named by Bacon. The land was so sold and bought in, but the directors of the Bank repudiated the whole agreement and brought a suit in equity to annul the agreement, to set the sale aside, and restore the status. On a trial this conclusion was announced, but the court thinking the reinstatement of the bankruptcy petition was necessary to restore the status, postponed entering a decree till that should be done. The same judge then, the parties being present, took up the bankruptcy case. The Federal Land Bank had filed a motion to disapprove and dismiss the debtor's petition. Bacon as receiver moved to amend it by alleging that besides poultry and livestock "pecans, peanuts, cotton, corn and general farm produce" were grown by Mrs. Bacon through her solely owned corporation, Baconton Land Company; and by alleging the sheep on hand were worth $100 and the cattle $500, and the cream separator $30, certain books $500, turkeys $12, and the automobile $200, and he moved to dismiss the Bank's motion. During the hearing on these motions Bacon produced an order of the State court dated September 30, 1938, ratifying the receiver's dismissal of the debtor's petition and cancelling his authority to file it, on the basis of the agreement with the Federal Land Bank touching the lands. Bacon thereupon contended the bankruptcy court had no authority to reinstate. The district judge, however, held his approval of the dismissal was gotten on a misapprehension as to there being a valid agreement with the Bank, that he had in the equity case decided there was no valid agreement, so he entered an order reinstating the petition to its status as of the date of dismissal, and then considering the petition as amended, he held it not within the purview of Section 75, and again dismissed it. A decree was afterwards entered in the equity case cancelling the agreement with the attorneys of the Bank and the sale under it.

The appellant argues for the maintaining of the agreement with the Bank and against the right of the equity court to cancel it and to order the bankruptcy court to reinstate, especially in view of the custody of the assets through a receiver by the State court. Since the decree in equity is not appealed from we have no concern with its merits. The court apparently had jurisdiction of the parties and subject matter, no question appears to have been raised about the propriety of suing the receiver without his court's consent, but if raised and overruled the ruling is not here for review. The equity court did not assume to instruct the

bankruptcy court to reinstate, but only suspended its decree that the bankruptcy court might deal with the bankruptcy case in view of the developments. Only the action of the bankruptcy court is here on appeal.

The bankruptcy court found that the dismissal had occurred under a misapprehension and ought to be remedied by a reinstatement, and reinstated it over Bacon's objection and in spite of the State court's retraction of authority to file it. If the district judge's approval was necessary for Bacon to voluntarily dismiss, since the judge gave it under a misapprehension he could, we think, withdraw his approval, the effect of which would be to leave the case pending, with only an ineffectual attempt to dismiss by Bacon. The cancelling by the State court of its permission to file would not defeat the filed petition. The district judge could proceed to consider the case pending before him as he did. In this view of it he rightly held there was no case within Section 75. Assuming that Mrs. Bacon at her death was a farmer through her solely owned corporation, which has since dissolved, this receiver is not her "personal representative" authorized to seek relief for her under Section 75, sub. r. Under Georgia law the realty descends on the death of the owner intestate to the heirs at law, subject to administration to pay debts. The personalty vests in the administrator, who is appointed only by the Court of Ordinary, and who is charged with paying the debts and carrying out the contracts of the deceased. Code of Georgia, Sects. 113-901, 113-1509, 113-1706, 113-907, 113-1525, 113-1211. He is the personal representative of the intestate. Bacon is only the receiver of a court of equity. He has no title to the personal property. He is not charged with the duties nor has he the powers which the Georgia statutes define for administrators. He represents not the deceased, but the court which appointed him, and can do only what it directs. Letters of Administration and letters testamentary, which are necessary to constitute one a personal representative of the deceased, can be granted only by the Court of Ordinary. Georgia Code Sects. 113-1211, 24-1901. A court of equity cannot grant them. By Section 113-2203 "a court of equity shall have concurrent jurisdiction with the ordinary over the settlement of accounts of administrators"; but to have accounts there must first be an administrator. Section 37-403 names several cases in which equity may interfere with the regular administration of estates, and under it receivers have been appointed to take the estate from the custody of the personal representative. Particular property of course may be taken in charge by a court of equity. There may be found in a few decisions statements that equity has concurrent jurisdiction with the Ordinary in the administration of estates of decedents, but usually there was a personal representative before the court of equity, and always there was less than original and full administration of an estate owing debts.

Moreover, Mrs. Bacon had been dead nearly five years, and the corporation through which she farmed had been wound up and dissolved three years before this effort to rehabilitate her as a farmer was begun. Section 75, sub. s contemplates a forced delay of three years, but that had long since been had. Section 75 is a bankruptcy law, and as such must concern debts. It is indispensable that "the farmer is insolvent or unable to meet his debts as they mature." The only debts Mrs. Bacon owed are an open account of $26, and some amount of taxes not stated. She does not owe the Federal Land Bank debt. Bacon individually owes that. She had only a $5,000 second mortgage, under which her estate has gotten into possession as mortgagee of seventy-five acres. Federal Land Bank is not and has never been her creditor. The receiver could sell a few cows and pay all her debts. Very properly the judge disapproved and dismissed the petition, as he must have done if Bacon's agreement with the attorneys of the Bank had never occurred.

But if Bacon as receiver had the right to dismiss his petition on April 4, 1938, without the approval of the district judge, he could insist on its staying dismissed. This would render it error to reinstate it over his objection. The petitioner under Section 75 is not initially a bankrupt, but a debtor. Only when, having failed in his efforts at voluntary adjustment, he amends under Subsection s and prays to be adjudged a bankrupt, does he become a voluntary bankrupt. After that he cannot dismiss, except on notice to his creditors and by consent of the court. Bankruptcy Act, §§ 58, 59, 11 U.S.C.A. §§ 94, 95. We think of no satisfactory reason why, before any step has been taken under a debtor's petition, he may not withdraw it if he wishes. Section 75 does not

say he cannot. But it does say, Subsection n, that important consequences follow the mere filing, and that "the jurisdiction and powers of the courts * * * the duties of the farmer * * * shall be the same as if a voluntary petition for adjudication had been filed" etc. This may cover the matter of voluntary dismissal. If Bacon could not dismiss without court consent, the judge rightly reinstated the case and dismissed it as not within Section 75. If Bacon could dismiss when he did without court consent, then the judge could not reinstate over his objection, but as he at once dismissed it again, the practical result is the same.

Judgment affirmed.