**ARKANSAS FUEL OIL CO. v. LEISK et al.**

**No. 10457.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 4, 1943.

Rehearing Denied Jan. 29, 1943.

Robert Roberts, Jr. and H. C. Walker, Jr., both of Shreveport, La., for appellant.

John B. Hussey and Robt. G. Chandler, both of Shreveport, La., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is a proceeding in bankruptcy by the trustees of Caddo Crude Oil Purchasing Corporation and Rhodessa Oil & Refining Corporation, bankrupts, to recover of Arkansas Fuel Oil Company the market value of oil belonging to the bankrupts and alleged to have been wrongfully converted by appellant. The referee granted the relief sought by the trustees, and the district court affirmed the order of the referee with a minor modification. No one has objected to the propriety of proceeding summarily rather than by plenary suit.

The appellant admits that it wrongfully converted 8,000 barrels of oil belonging to the bankrupt corporations, and that it is indebted to them for the fair market value thereof, but claims an offset upon an open account due by the bankrupts to it for transportation services rendered, in the sum of $5,244.99, and the sum of $1,343 for gasoline sold by appellant to Rhodessa. In the alternative, appellant contends that it had a carrier's lien enforceable against the 8,000 barrels of oil to the extent of the $5,244.99 due it for accrued transportation charges.

The petitions in bankruptcy were filed on or about July 24, 1940. For several years prior thereto the Caddo and Rhodessa corporations, wholly owned subsidiaries of Hurricane Petroleum Corporation, had been operating under the same management, Caddo purchasing crude at production centers and Rhodessa conducting the refining process. Neither corporation had facilities for the transportation of crude from Caddo to Rhodessa, so a contract of carriage was made with appellant whereby Caddo would deliver the crude into storage tanks owned by appellant for carriage and delivery by the latter to Rhodessa at an agreed price per barrel. Having learned that the corporations were in serious financial straits, the appellant, on July 9, 1940, transported to its own refineries, and there consumed, without the knowledge or consent of the bankrupt corporations, 8,000 barrels of oil belonging to said corporations. The value of the oil so converted, $6,800, was slightly in excess of the sums then owed by Rhodessa to appellant for accrued transportation charges and for gasoline purchased, and it is with respect to

the liability for conversion thus created that an offset is claimed under Section 68 sub. a of the Bankruptcy Act.[1]

■ The conversion of the oil took place after appellant had knowledge of the insolvency of the bankrupts, and within four months preceding the filing of the petitions and the adjudications in bankruptcy. If title to the oil had been transferred by the affirmative act of the bankrupts, the conveyance would have been a preference voidable by the trustee.[2] In these circumstances appellant may not secure an advantage over other general creditors of the bankrupts by its own unlawful act.

The law of this case depends upon the legal relationship between the carrier and the bankrupts. Appellant was in rightful possession of the property as a carrier, but it held the oil as a bailee only and for the limited purpose of delivering it to Rhodessa. It had only a qualified title to the oil; it had no real or apparent authority to do anything with it except to deliver it safely according to the contract of carriage. There was no pledge, no transfer on consignment, no possession under a debtor-creditor relationship.

It is immaterial that, due to lack of participation in the transfer by the bankrupts, the conversion of the oil was not a voidable preference. In the case of Western Tie & Timber Co. v. Brown, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571, a corporation was given funds under directions to pay same to another. The payee of the funds was a debtor of the corporation, and was known by it to be on the verge of bankruptcy. Within four months prior to the filing of the petition in bankruptcy, the corporation applied the funds to the indebtedness owed by the bankrupt. Following the adjudication in bankruptcy, the corporation attempted to set off the sum so misapplied by it against the debt of the bankrupt, and to file its claim for the remainder. The court held that it was not entitled to a setoff, but that it was obligated to the trustees in the full amount of the debt.

■ The parallel between that case and the case at bar is striking. In each there was a misappropriation of property without semblance of right; in each the un-

---

[1] 11 U.S.C.A. § 108, sub. a.

[2] Pirie v. Chicago Title, etc., 182 U.S. 438, 21 S.Ct. 906, 45 L.Ed. 1171; Western Tie & Timber Co. v. Brown,

196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571; In re Campion, D.C., 256 F. 902; Walker v. Wilkinson, 5 Cir., 296 F. 850; 11 U.S.C.A. § 96, sub. b.

lawful appropriation was within four months prior to bankruptcy and with notice of the insolvency of the bankrupt; in each there was a claim of right to offset the value of the property so misappropriated against the indebtedness of the bankrupt to it. We think the decision cited is decisive of the question presented here and compels the conclusion that appellant was not entitled to the offset claimed.[3]

Appellant's alternative contention is based upon Articles 3217 and 3265 of the Louisiana Civil Code, which create a statutory lien upon the thing carried to the extent of the transportation charges. The difficulty of this position, as appellant admits, is that the carrier's lien is a possessory lien, and depends for its continuance upon the carrier's possession of the thing carried.[4] Under the facts of this case the carrier did not have in its possession any oil that had been transported by it and upon which transportation charges had accrued.

Upon review of the decision of the referee the court below held that appellant was not entitled to an offset, and that it had no lien except with respect to the 8,000 barrels "theoretically carried." This oil was never carried by appellant, except for the unauthorized transportation incident to effectuating its conversion, and it was not entitled to assess transportation charges against the bankrupts with respect thereto. For these reasons the judgment appealed from will be modified by increasing the amount thereof to the full value of the 8,000 barrels of oil; and, as modified, it will be affirmed.

Modified and affirmed.

### On Petition for Rehearing.

Pursuant to the opinion filed herein on January 4, 1943, this court modified the judgment appealed from by increasing the amount thereof in the sum of $400. Upon petition for rehearing we are reminded that the appellee did not file a cross-appeal, for which reason the amount of the judgment should not have been increased.

In appeals in bankruptcy, this court has appellate jurisdiction to review, affirm, revise, or reverse the judgment appealed from, both as to matters of law and fact,[5] but the jurisdiction thus conferred must be invoked before it may be exercised.[6] In the absence of a cross-appeal, appellee may not attempt either to enlarge his rights under the judgment appealed from or to lessen the rights of his adversary.[7] Therefore, the modification of the judgment appealed from was erroneous. This error will be corrected and the judgment affirmed without modification.

In all other respects the petition for rehearing is overruled.

---

[3] See also Libby v. Hopkins, 104 U.S. 303, 26 L.Ed. 769; Alvord v. Ryan, 8 Cir., 212 F. 83; Lehigh Valley Coal Sales Co. v. Maguire, 7 Cir., 251 F. 581.

[4] Green v. Hawkins & Antoon, La.App., 142 So. 742, 743.

[5] 11 U.S.C.A. § 47.

[6] The Stephen Morgan, 94 U.S. 599, 24 L.Ed. 266; Loudon v. Taxing District, 104 U.S. 771, 26 L.Ed. 923; Bacon v. Federal Land Bank of Columbia, 5 Cir., 109 F.2d 285.

[7] Landram v. Jordan, 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88; United States v. Am. Ry. Ex. Co., 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087; Morley Co. v. Maryland Casualty Co., 300 U.S. 185, 57 S.Ct. 325, 81 L.Ed. 593; Pennsylvania Cement Co. v. Bradley Contracting Co., 2 Cir., 13 F.2d 532; United States v. Johnson, 8 Cir., 98 F.2d 462; Collier on Bankruptcy, 14th Ed., Vol. 2, page 970.