86   271|
30ap478

JOHN McQUEEN, Receiver of the Powerville Felt Roofing Company (Limited), Respondent, *v.* TOBIAS NEW, Appellant, Impleaded with Others.

*Pleading — equitable set-off in actions in tort — Code of Civil Procedure, section 501.*

Where an action sounds in tort the defendant will not be allowed by an appeal to the equitable jurisdiction of the court, based on the insolvency of the plaintiff and the consequent loss of the counterclaim, unless it is set off, to interpose a counterclaim.

Where offsets have been allowed in equity it will be found that the relief granted proceeded upon the maxim that he who seeks equity must do equity or that it

was granted in cases of cross-demands, arising upon contract, existing in favor of and against opposing parties where, from the nature of the claims and the situation of the parties, justice could not otherwise be done.

In answer to the complaint in an action brought by the receiver of a corporation for a wrongful conversion of its goods, the defendant alleged the insolvency of the corporation and the appointment of a receiver; he then set up several counterclaims separately. In one instance he alleged that he held notes (which were not due when the receiver was appointed) representing goods obtained of him by alleged fraudulent representations, made by the corporation, upon which he had obtained judgment. He also alleged that he was the *bona fide* owner of a judgment against the corporation obtained in a foreign State and asked to be allowed an equitable set-off as to all these demands.

To this answer the plaintiff interposed a demurrer.

*Held*, that neither of the counterclaims was of the character specified in section 501 of the Code of Civil Procedure, and that no such equitable offset could be allowed.

APPEAL by the defendant, Tobias New, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of December, 1894, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the demurrer of the plaintiff to the answer of the defendant, Tobias New.

*F. J. Mather*, for the appellant.

*H. H. Whitman*, for the respondent.

VAN BRUNT, P. J.:

This action was brought by the plaintiff as receiver of the Powerville Felt Roofing Company against the defendants to recover damages for the conversion of certain property alleged to have been wrongfully taken, carried away and converted by the defendants. The complaint alleges that on the 21st of December, 1892, by a final judgment the property of the Powerville Felt Roofing Company was sequestrated, and one Josiah Jowitt was appointed permanent receiver of said company and of its property and effects, of every kind and nature, whatsoever and wheresoever situated, and that on the 24th of December, 1892, said Jowitt duly qualified as such receiver, and continued to act as such receiver down to the 2d of March, 1893, upon which day he departed this life; that on the 13th of March, 1893, the plaintiff was duly appointed permanent receiver in his place, and that he had duly qualified and entered

upon the discharge of his duties as such receiver, and has ever since continued to act and is now acting as permanent receiver of said company. The complaint then alleges authority to prosecute the action, the incorporation of the defendant national bank, and that on the 1st of February, 1893, the defendants wrongfully took, carried away and converted to their own use certain merchandise belonging to said company, which was reasonably worth the sum of $19,000, and judgment is demanded for the sum of $19,000, with interest from the date of said conversion.

The defendant Tobias New by his answer denies all knowledge or belief as to the appointment of said permanent receiver and as to authority to bring the suit, admits the incorporation of the defendant national bank and denies the acts of conversion. The defendant further alleges that he purchased said goods and merchandise from the lawful owners of the same.

The defendant then sets up, by way of a further and separate defense, and as an equitable set-off to any damages, if any, recoverable by the plaintiff in respect to the alleged matters complained of, that the Powerville Felt Roofing Company and the T. New Manufacturing Company had large dealings with each other, and that during the year 1892 the said T. New Manufacturing Company sold and delivered large amounts of merchandise of great value to the Powerville Felt Roofing Company, at fair market rates agreed upon therefor, and that at this time the answering defendant was the personal owner and holder of the stock of said T. New Manufacturing Company, owning and holding more than ninety per cent of the same; that in order to obtain credit of said T. New Manufacturing Company and of the defendant, the treasurer and secretary of said Powerville Felt Roofing Company, during the year 1892, stated and represented to the defendant as an officer of the T. New Manufacturing Company, that the Powerville Felt Roofing Company was solvent, responsible and able to pay its debts; that such statements and representations were believed by said T. New Manufacturing Company and its officers, and that, believing and relying upon such statements and representations, large amounts of merchandise were sold and delivered from time to time in 1892, for which merchandise so purchased the said Powerville Felt Roofing Company gave its notes to the T. New Manufacturing Company, aggregating in

value about $35,000. The defendant then alleges that said Powerville Felt Roofing Company was judicially declared insolvent on the 21st of December, 1892, and went into the hands of a receiver in whose custody and administration said company, its property and effects ever since have been and now are. The defendant then alleged that he became the lawful owner and holder for a full, valuable consideration, of certain of said notes of the Powerville Felt Roofing Company so made and delivered to the T. New Manufacturing Company for merchandise sold and delivered before the maturity of each thereof, and that he now owns the judgments severally in said answer described obtained on said notes.

Then follows a description of the notes and judgments. None of said notes became due until after the appointment of the receiver of the Powerville Felt Roofing Company.

The defendant further alleges in his capacity as owner in chief and holder of more than ninety per cent of the stock of the T. New Manufacturing Company, that in an action brought against the defendant, this receiver swore that the claims of creditors of said Powerville Felt Roofing Company filed with him aggregated upwards of $130,000, and that the total amount of assets in the receiver's hands did not exceed the sum of $1,000. And the defendant thereupon alleges, upon information and belief, that the Powerville Felt Roofing Company is hopelessly insolvent, and judgment is demanded that said notes and judgments obtained thereon may be applied in reduction and cancellation of the claims, if any, which may be found to be due from the defendant to the plaintiff, etc.

The defendant set up for a further and separate answer and as an equitable set-off, etc., that before the appointment of the receiver and before the 21st day of December, 1892, the said Powerville Felt Roofing Company obtained by fraud and false and fraudulent representations from the T. New Manufacturing Company large amounts of merchandise of the value of $35,000 ; and that said manufacturing company took and received said notes from the Powerville Felt Roofing Company in payment therefor ; that except for such false and fraudulent statements and representations so made by said Powerville Felt Roofing Company, the T. New Manufacturing Company would not have received such notes, and this defendant would not have indorsed the same or procured the same

to be indorsed, and that in so doing he believed and relied on the truth of the statements and representations so made by the Powerville Felt Roofing Company, when said notes were so delivered and received. The defendant further alleged that such representations were made to influence the sales of the merchandise aforesaid, and to induce the defendant to indorse said notes, and that such statements and representations were made with intent to deceive and defraud the defendant; that at the maturity of each of said notes demand was made and payment refused, and the defendant elects to rescind the contract of sale of said merchandise by the T. New Manufacturing Company to the Powerville Felt Roofing Company, and to rescind the delivery of said goods and also to rescind the contract of indorsement upon which the discount of said notes was procured. The defendant further alleges that he brings into court and tenders to the plaintiff said notes, and tenders and offers to assign said judgments so obtained to the plaintiff.

The defendant for a further and separate answer and as an equitable set-off alleges that on the 25th day of November, 1892, one William H. Eberts and John Eberts, being lawful and genuine creditors of the Powerville Felt Roofing Company, had duly obtained a judgment against said company in the sum of $81,000 in the Circuit Court of Illinois in and for Cook county, and that thereafter, and on or about the 5th day of November, 1892, for a valuable consideration, said judgment so obtained was duly assigned to the defendant, who is now the lawful owner and holder of the same; and he prays that he may be allowed to equitably offset so much of said judgment as would satisfy any claim which might be established against him. The defendant further alleges that he is powerless to recover his just rights in any action at law or proceeding in equity against the Powerville Felt Roofing Company or the plaintiff as receiver thereof, and that unless he is aided by the equitable powers of the court in ascertaining and maintaining his just rights he will suffer great and remediless wrong and injury.

The plaintiff demurred to so much of the answer as consisted of new matter as insufficient in law upon the face thereof to constitute any defense or offset to the complaint herein. The plaintiff also demurred to the counterclaims contained in said answer upon the ground that neither of said counterclaims is of the character

specified in section 501 of the Code of Civil Procedure, and upon the further ground that neither of said counterclaims states facts sufficient to constitute a cause of action. The court below sustained the demurrer, and from the interlocutory judgment thereupon entered this appeal is taken.

The ground upon which the appellant claims the right to offset the claims set up in his answer is that he is in equity entitled to a set-off because of the fact of the insolvency of the company and the circumstances under which the debts had their origin.

We have examined the various authorities to which our attention has been called by the learned counsel for the appellant, but we are unable to see that any of them have any application to the facts which exist in the case at bar. Most of them are actions in equity where the set-off is allowed upon the theory that a person asking relief in equity must do equity; and the others are where cross-demands *ex contractu* exist against and in favor of two parties and where from the nature of the claims and the situation of the parties justice cannot otherwise be done. The most familiar instances of the rule are cases where a depositor in a bank is allowed to offset the amount of his deposit balance against indebtedness to the bank upon its failure, although perhaps such indebtedness to the bank may not have been actually due at the time of the failure of the bank.

But we have found no case where, when the action is *ex delictu* for the wrong of the defendant, an equitable offset of the defendant will be allowed. If such a procedure could obtain, we might easily imagine a new way to get payment for old debts. All that a creditor of an insolvent corporation, of which a receiver had been appointed, would have to do in order to procure a preference over the other creditors of the corporation, would be to take possession of the property of the corporation and convert it to his own use, and when an action was brought for its conversion, ask to offset his claim. The mere statement of this proposition seems to show that the position of the appellant cannot be sustained.

The interlocutory judgment should be affirmed, with costs.

Follett and O'Brien, JJ., concurred.

Interlocutory judgment affirmed, with costs.