LEHIGH VALLEY COAL SALES CO. v. MAGUIRE.

In re GILMORE-THAYER CO.

(Circuit Court of Appeals, Seventh Circuit. March 5, 1918. Rehearing Denied April 19, 1918.)

No. 2503.

1. BANKRUPTCY ⊂⇒326—CLAIMS—SET-OFFS.

Bankruptcy Act, § 68 (Comp. St. 1916, § 9652), authorizing set-offs only in cases of "mutual debts or mutual credits," does not enlarge or change, but only recognizes, what under general law may constitute set-offs.

2. BANKRUPTCY ⊂⇒326—CLAIM—SET-OFF.

A creditor, receiving money from his debtor to hold or use for a specific purpose, and not to apply on the debt, has no right of set-off, under Bankruptcy Act, § 68 (Comp. St. 1916, § 9652) as he becomes not the debtor of his debtor, but the trustee of a specific trust.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the bankruptcy of the estate of the Gilmore-Thayer Company. Beach W. Maguire, trustee, filed objections to the claim of the Lehigh Valley Coal Sales Company. From a decree sustaining the trustee's objection, the Coal Sales Company appeals. Affirmed.

Frederic Ullmann, of Chicago, Ill., for appellant.

Raymond Visser, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. During the summer and fall of 1915 the bankrupt became largely indebted to appellant on open account for coal. Appellant, learning that the bankrupt was in financial straits, refused to ship any more coal unless paid for in advance. On November 29th the bankrupt sent an order to appellant for coal and a certified check for $275 in payment. At this time the bankrupt was insolvent, and appellant knew it. Creditors the next day filed their petition, under which appellee became successor to the bankrupt's estate. Appellant refused to ship coal, retained the $275, and filed a claim on its open account, crediting thereon the $275 so withheld. Appellee objected to the allowance of the claim as filed, on the ground that to permit appellant to apply the $275 upon its open account would constitute a preference. This position was sustained in the court below.

[1, 2] Set-offs are authorized only in cases of "mutual debts or mutual credits." Bankruptcy Act, July 1, 1898, c. 541, § 68, 30 Stat. 565 (Comp. St. 1916, § 9652). This does not enlarge or change—it only recognizes—what under general law may constitute set-offs. In

New York County Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380, relied on by appellant, the bankrupt was indebted to the bank on his overdue notes; after he was insolvent he made a general deposit to his credit in the bank; and the bank, although its officers had reasonable cause to believe he was insolvent when he made the deposit, was permitted, after bankruptcy had intervened, to set off its notes against the deposit. As the general deposit created only the relation of debtor and creditor, this was clearly a case of mutual debts and credits. But where a creditor receives money from his debtor, with instructions not to apply it on the debt,· but to hold or use it for a specific purpose, the right of set-off does not exist, because the creditor has become, not the debtor of his debtor, but the trustee of a specific trust. This principle is illustrated in Libby v. Hopkins, 104 U. S. 303, 26 L. Ed. 769. There the debtor owed his creditor a secured and also an unsecured indebtedness. Shortly before bankruptcy the debtor sent money to his creditor, with directions to apply it on the secured debt. In the bankruptcy proceedings the creditor filed his claim on the ·unsecured debt, crediting the remittances, which he had applied thereto in contravention of his debtor's instructions. Set-off was denied, because the creditor was not a debtor of his debtor, and he could not make himself one by his breach of trust. See, also, Western Tie & Timber Co. v. Brown, 196 U. S. 502, 25 Sup. Ct. 339, 49 L. Ed. 571; Continental & Com. T. & Sav. Bank v. Chicago T. & T. Co., 199 Fed. 710, 118 C. C. A. 142; Alvord v. Ryan, 212 Fed. 85, 128 C. C. A. 539.

The decree is affirmed.