ADOLPH JOSEPHS, Appellant, v. I. W. ELLMAN, Individually and as President of the Aguda Mishna of the Hebrew Alliance, an Unincorporated Association of More than Seven Persons, Respondent.— Action for specific performance, to compel the defendant association to execute in its name as grantor a deed to plaintiff to a cemetery plot. The affirmative defense alleges that plaintiff is in default in payment of dues. Order denying plaintiff's motion for judgment on the pleadings, under rule 112, Rules of Civil Practice, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

HELEN MEKETA, Appellant, v. NAT HESS, Respondent.— In an action brought to set aside a general release alleged to have been given under a mutual mistake of fact, and to recover damages for personal injuries sustained through defendant's alleged negligence, judgment in favor of defendant, and order denying plaintiff's motion to set aside the verdict and for a new trial, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

WALTER B. MILKMAN, Trustee in Bankruptcy of A. J. RUSSELL MOTOR SALES CORPORATION, Respondent, v. BISHOP, McCORMICK & BISHOP, Appellant.— In an action to recover the balance of a fund deposited as security for indebtedness, defendant appeals, by permission of this court, from an order of the Appellate Term modifying, and, as modified, affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn. Order of the Appellate Term reversed on the law, judgment of the Municipal Court vacated, and complaint dismissed, with costs in all courts. The undisputed facts establish that the plaintiff is entitled to recover the balance of the fund on deposit with the defendant, in the sum of $145.86; and that by reason of the breach of contract by the bankrupt in trading an encumbered automobile, there was due the defendant from the bankrupt a sum in excess of that amount. For the purpose only of setting off one claim against the other, and not by way of seeking affirmative judgment, the defendant interposed a counterclaim for the amount owing by the bankrupt. It was error to hold that under the facts set-off did not lie. These were mutual debts. The amount due from the defendant on the deposit account was payable to the bankrupt before the bankrupt was succeeded by the trustee, and the amount owing to the defendant as the result of the conversion suit was a debt owed by the bankrupt before it was petitioned into bankruptcy. The fact that the liability was not fixed until the judgment in the conversion action was entered, which was after the petition in bankruptcy was filed, does not change the fact that the parties stood in the relation of mutual debtors to each other, and that consequently there was set-off. While the claim against the defendant in favor of the Colonial Discount Co., Inc., was in tort, the claim of the defendant against the bankrupt was on contract. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.