SPENCER C. YOUNG, Treasurer of the City of New York, as Receiver, Landlord, *v.* GEORGE YERKS, Tenant.

Municipal Court of the City of New York, Borough of Queens, March 10, 1954.

*Denis M. Hurley, Corporation Counsel* (*Frank W. Porcaro* of counsel), for landlord.

*Angelo Graci* and *Robt. F. Garvar* for tenant.

TOBIAS, J. The city treasurer, as receiver, is entitled to seek recovery of the unpaid rents which became due prior to his appointment as such receiver (*Palmieri* v. *New York Preparatory School*, 232 App. Div. 848). Indeed, in these companion proceedings, the governing statute mandates such action on his part. " The receiver shall collect the *accrued* and accruing rents, issues and profits of the property with respect to which he is acting as receiver and shall apply such rents, issues and profits in satisfaction of all tax liens, including penalties and interest thereon and the costs and charges of his administration ". (Tax Law, § 94, subd. 1 — emphasis supplied.) Though the order of appointment of the receiver empowers him to maintain " suits for the collection of rents now due or hereafter to become due ", I cannot construe such provision of the order as diminishing the quoted statutory authority of the receiver to the limited situation where he seeks recovery for the back rent only by way of an action at law, as distinguished from summary dispossess proceedings. The order of the receiver's appointment specifically authorizes him to institute summary proceedings, as does the

statute (Civ. Prac. Act, § 1414, subd. 8). In such summary proceedings, judgment may be awarded to the petitioner, where, as here, he specifically has laid the foundation for a recovery of rent in arrears (Civ. Prac. Act, § 1425).

I, therefore hold that the receiver herein, both as a matter of law and in pursuit of the proper remedy of summary proceedings wherein a judgment for rent in arrears is properly recoverable, is entitled to judgment for the rents which accrued prior to his appointment. The tenant's several motions to dismiss the petitions insofar as same seek recovery of rents accruing prior to May 1, 1953, the date the receiver took possession of the premises herein, are, accordingly, denied.

However, except in some instances not applicable to the case at bar (i.e., where allowance of setoff would create a preference over other creditors), the general rule is that choses in action pass to a receiver subject to any equitable right of setoff then existing and available to the debtor against the receiver's predecessor in title to the extent of, but not beyond, the receiver's asserted claim (75 C. J. S., Receivers, § 113, p. 754; *Hecker* v. *Maffucci*, 267 App. Div. 994; *Milkman* v. *Bishop, McCormick & Bishop*, 259 App. Div. 723).

Accordingly, the tenant is permitted to interpose a counterclaim against the receiver.

The receiver seeks to recover rent for the period from May 1, 1946, to November 30, 1953, which includes a period beyond six years from the date of the issuance of the precept in this proceeding. The claim for rent beyond the six-year period is not maintainable. (Civ. Prac. Act, § 48, subd. 1.) The total amount of rent the receiver may recover is the sum of $2,016.

The tenant's counterclaim is also limited to the period of six years prior to the issuance of the precept in this proceeding. The tenant's claim is allowable in the sum of $1,840.28.

Final order is awarded to the landlord. Judgment is granted to the landlord in the amount of $175.72. Five days' stay.