**BRUNSWICK CORPORATION,**
Plaintiff-Appellee,

v.

**Howell W. CLEMENTS, Trustee In Bankruptcy for Olympic Lanes, Inc.,**
Defendant-Appellant.

**No. 19689.**

United States Court of Appeals,
Sixth Circuit.
April 17, 1970.

Sizer Chambliss, Chattanooga, Tenn., for defendant-appellant.

James F. Turner, Chattanooga, Tenn., on the brief; Turner & Davis, Chattanooga, of counsel.

Thomas S. Kale, Chattanooga, Tenn., for plaintiff-appellee; Spears, Moore, Rebman & Williams, Chattanooga, Tenn., on the brief.

Before PHILLIPS, Chief Judge and PECK and BROOKS, Circuit Judges.

BROOKS, Circuit Judge.

This is an appeal by the trustee in bankruptcy for Olympic Lanes, Inc., from an order allowing an equitable setoff. The bankrupt estate was indebted to the defendant-appellee, Brunswick Corporation, in the sum of approximately $300,000. The trustee obtained a $40,000 judgment against Brunswick for conversion and the District Court permitted this judgment to be setoff and deducted from the $300,000 indebtedness owed Brunswick. The only issue is whether the setoff should have been allowed.

In August, 1961, Olympic Lanes, Inc., purchased from Brunswick on condition-al sales contracts a number of bowling lanes and pinsetters. Subsequently, Olympic encountered serious financial difficulties and was unable to keep its payments current. Brunswick granted several extensions but after August, 1965, no further payments on the defaulted contracts were received. More than a year later, a replevin action to foreclose the security under the conditional sales contracts was filed, and on September 9, 1966, Brunswick took possession and began operating the complete bowling establishment.

In the replevin action, Olympic admitted default but raised several defenses and counterclaimed for damages. The damages sought were for conversion of certain personal property that Brunswick took over when it moved in and began operating the bowling establishment. In 1967 the foreclosure sale was held and Brunswick bid in its equipment and filed a claim for $324,006.43 to recover the deficiency that resulted from the sale. On November 14, 1967, Olympic Lanes filed a voluntary petition in bankruptcy.

Two years later, in 1969, Brunswick was finally granted judgment for the deficiency on the foreclosure sale and for attorneys' fees, and a jury returned a verdict for the trustee and against Brunswick for $40,000 on the conversion issue. The $40,000 judgment for all intents and purposes appeared to be the only asset in the bankrupt's estate. These were the circumstances under which the setoff was ordered by the District Court.

The only issue is whether a conversion judgment against a creditor of the bankrupt can be setoff from money owed the creditor by the bankrupt which arose under a contract. Section 68(a) of the Bankruptcy Act (11 U.S.C. § 108) provides that:

"a) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

The phrasing of Section 68(a) might seem to require an interpretation that setoffs in bankruptcy are mandatory when mutual debts or mutual credits exist. However, this is clearly not the case. In Cumberland Glass Manufacturing Co. v. De Witt, 237 U.S. 447, 35 S. Ct. 636, 59 L.Ed. 1042 (1914), the Supreme Court, referring to what now is Section 68(a), stated:

"The provision is permissive rather than mandatory, and does not enlarge the doctrine of set-off, and cannot be invoked in cases where the general principles of set-off would not justify it."

See also: Monongahela Rye Liquors, Inc., 141 F.2d 864 (3rd Cir. 1944); Prudential Ins. Co. of America v. Nelson, 101 F.2d 441 (6th Cir. 1939), cert. denied, 308 U.S. 583, 60 S.Ct. 106, 84 L. Ed. 489 (1939); Stanolind Oil & Gas Co. v. Logan, 92 F.2d 28 (5th Cir. 1937), cert. denied, 302 U.S. 763, 58 S.Ct. 409, 82 L.Ed. 592 (1937); Lehigh Valley Coal Sales Co. v. Maquire, 251 F. 581, 163 C.C.A. 575 (7th Cir. 1918).

Moreover, while the right of setoff is discretionary in the bankruptcy court, Prudential Ins. Co. of America v. Nelson, supra; Tucson House Construction Co. v. Fulford, 378 F.2d 735 (9th Cir. 1967), the court must exercise its discretion under the general rules and principles of equity. Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L. Ed. 1059 (1892); In Matter of Rosenbaum Grain Corp., 103 F.2d 656 (7th Cir. 1939). Thus, where justice and equity dictate that a setoff be denied, it must be. See e. g.'s: In Matter of Garfunkel and Tauster, 8 F.2d 790 (2 Cir. 1924); Burnes National Bank v. Mueller-Keller Candy Co., 86 F.2d 252 (8th Cir. 1936); Clark Bros. & Co. v. Pou, 20 F.2d 74 (4th Cir. 1927); Hitchcock v. Rollo, Fed.Cas. 6,535 (C.C.Ill.1872). In light of this long standing interpretation of Section 68(a) that setoffs are only permissive and must be granted or denied in accordance with equitable rules, it follows that the contention of Brunswick that the District Court had no choice but to grant the setoff must be rejected.

Brunswick further argues Section 68(a) contemplates setting off tort claims against contract claims and, therefore, the setoff in this case was proper. However, a tort claim is not automatically setoff against contract claims. Collier on Bankruptcy, while recognizing that a split of authority on this question exists, maintains that generally the "better view would seem to be that under section 68 tort claims may be set-off against contract or vice versa." Collier on Bankruptcy, 14th Ed. § 68.-04(3) pp. 878–880. But cf. Remington on Bankruptcy, § 1557 pp. 425–427. But even Collier distinguishes between different types of torts and acknowledges that liability for willful conversion may not be setoff against monies owing the converter by the bankrupt. Collier on Bankruptcy, 14th Ed. § 68.04(3) p. 880 nn. 50, 56.

Brunswick cites three cases contending they support the proposition that conversion liability may be setoff against contract claims. In the first case, Milkman v. Bishop, McCormick & Bishop, 259 A.D. 723, 18 N.Y.S.2d 7 (1940), the bankrupt converted an encumbered automobile belonging to the defendant. In the present case, it is not the bankrupt who converted the property, but rather it is the creditor of the bankrupt. This points to a significant distinguishing aspect between the two cases. A creditor who converts the property of a bankrupt, if his conversion liability is simply setoff against his claim, would receive a larger share of the bankrupt's estate than if he were to share on a pro rata basis with the other creditors. When the bankrupt is the converter, no such incentive exists. In the second case cited by Brunswick, Phillips v. Baker, 165 F.2d 578 (5th Cir. 1948), the same situation existed. That is, the bankrupt was the converter.

The last case cited by Brunswick is In re Salmon Weed & Co., 53 F.2d 335 (2nd Cir. 1931). There a stockbroker re-

pledged certain stock it purchased for the bankrupt on margin. The Court, after a lengthy analysis, concluded that the repledging was a conversion and that, while the bankrupt was entitled to damages for conversion, the converter had a right to recoup to the extent of the amount it loaned the bankrupt for margin purposes. In the present case, there is no question of recoupment; rather we are dealing with a setoff. The two procedures are different in substance if not in the end result they produce. Thus, while recoupment is the setting up of a demand for reduction or abatement of the plaintiff's claim, it must arise out of the very same transaction and if any excess amount is still owing, it cannot be asserted. A setoff, on the other hand, is generally employed when different transactions are involved, and the defendant may be entitled to any excess over plaintiff's claim. See Collier on Bankruptcy, 14th Ed., § 68.03, pp. 854–855. In addition, the basic equity of allowing a reduction of a claim which arises from the same transaction is more persuasive than when the claims arise from entirely different transactions.

Furthermore, there is a line of cases which hold that a setoff should not be allowed when the creditor wishes to set-off its conversion liability to the bankrupt against a debt owed the creditor by the bankrupt. See Western Tie & Timber Co. v. Brown, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571 (1905); Arkansas Fuel Oil Co. v. Leisk, 133 F.2d 79 (5th Cir. 1943); Brislin v. Killanna Holding Corp., 85 F.2d 667 (2nd Cir. 1936); In re Lykens Hosiery Mills Inc., 141 F. Supp. 891 (S.D.N.Y. 1956); Howard v. Mechanics' Bank, 262 F. 699 (E.D.N.Y. 1920); McCabe v. Winship, Fed.Cas. 8, 668 (D.C.Minn. 1877); McQueen v. New, 86 Hun 271, 33 N.Y.S. 395 (1895); Shield Co. v. Cartwright, Tex.Civ.App., 172 S.W.2d 108, affd. 142 Tex. 324, 177 S.W.2d 954 (1944). The holding of these cases is that a creditor of a bankrupt should not be permitted to pay himself through the device of setoff by converting the bankrupt's property, particularly at a time when he knows of the bankrupt's insolvency.

In the present case Brunswick, before August, 1965, had given Olympic several extensions of time for payment on the conditional sales contracts. In August, 1965, the last extension was given and at that time Olympic had not made a payment for more than a year. When Brunswick took possession of the bowling establishment, it had to make arrangements with the landlord who also had not been paid his rent by Olympic for a number of months. Under these circumstances, Brunswick could only have concluded that Olympic was insolvent when possession was taken of the bowling establishment and certain of Olympic's personal property was converted. In fact, in Brunswick's brief on this appeal, it is admitted that when possession was taken of the bowling establishment, it was to operate it until "the equipment might be resold to a solvent and credit-worthy purchaser." The fact that it was a year after the conversion that Olympic filed bankruptcy does not detract from the point that for two and one-half years before bankruptcy Olympic was hopelessly insolvent and in default on the Brunswick contracts, to say nothing of being several months in arrears on the rent for the building it occupied.

■ Some mention is made of the four month preference period in several of the cases which recite the rule disallowing the converter's liability from being setoff from a debt owed the bankrupt, see Western Tie & Timber Co. v. Brown, supra; Arkansas Fuel Oil Co. v. Leisk, supra. However, it is clear that it is equity which dictates the rule and not that the conversion liability is treated as if it were a "voidable preference."

The order granting the setoff is vacated and we remand for further proceedings consistent with this opinion.