**In the Matter of ALLBRAND APPLIANCE & TELEVISION CO., INC., et al., Debtors.**

**ALLBRAND APPLIANCE & TELEVISION CO., INC., et al., Plaintiffs,**

v.

**MERDAV TRUCKING COMPANY, Defendant.**

**Bankruptcy No. 80 B 11736.**

United States Bankruptcy Court, S. D. New York.

Dec. 21, 1980.

Levin & Weintraub, New York City, for debtors; Joel Hólstein, New York City, of counsel.

Lawrence C. Gutman, Mineola, N. Y., for defendant Merdav Trucking Co.

## MEMORANDUM OPINION

JOEL LEWITTES, Bankruptcy Judge.

In the underlying adversary proceeding[1] commenced by Allbrand Appliance & Television Co., Inc., a Chapter 11[2] debtor-in-possession[3] (hereafter referred to either as "Allbrand" or "the debtor"), the debtor seeks the return of moneys allegedly due and owing to it from the defendant, Merdav Trucking Company ("Merdav"), prior to the commencement of this Chapter 11 case. Merdav duly served and filed its answer to the complaint and presently before this Court, for resolution, is Allbrand's motion for summary judgment[4] and Merdav's cross-motion for summary judgment.[5]

### A

### *Undisputed Facts*

Allbrand presently is, and was, at the time it filed its Chapter 11 petition in this Court, engaged in the purchasing and distribution of electrical appliances, television sets, audio equipment and components therefor. It utilized the services of independent truckers both to deliver merchandise to Allbrand's customers and to collect moneys due to Allbrand on its cash-on-delivery ("C.O.D.") sales. Defendant Merdav, for the past seventeen years, acted as an independent trucker performing such services on behalf of Allbrand, but without benefit either of a written or verbal agreement. Nevertheless, it is not disputed by the adversarial parties here that in connection with Merdav's trucking services, Merdav assumed responsibility for the merchandise it undertook to deliver, collected the C.O.D. payments from Allbrand's customers, billed Allbrand weekly for such services, and within a week of delivery, remitted to Allbrand the C.O.D. moneys collected by Merdav.

Merdav is a prepetition creditor of the debtor holding a general unsecured claim for unpaid trucking charges in the approximate sum of $100,000.[6] On the eve of the filing of the Chapter 11 petition in this case, a representative of Allbrand informed Merdav that a petition was about to be filed in this Court. Thereupon, Merdav, prior to the filing, retained the proceeds in its hands from outstanding C.O.D. collections it made on behalf of the debtor, in an approximate

---

1. An adversary proceeding is generally the proper procedural mode, under the Rules of Bankruptcy Procedure, to recover money or property. See Bankruptcy Rule 701(1), 411 U.S. 1068, 93 S.Ct. 3147, 37 L.Ed.2d lxvi. Such proceeding is commenced, as here, by the filing of a complaint. Bankruptcy Rule 703, 411 U.S. 1069, 93 S.Ct. 3147, 37 L.Ed.2d lxvi.

2. Allbrand filed its petition for reorganization under Chapter 11 of the 1978 Bankruptcy Code on October 17, 1980.

3. A debtor-in-possession, with exceptions not relevant here, is granted, under the terms of the Bankruptcy Code, "all the rights . . . and powers, . . . functions and duties, . . . of a trustee serving in a case under this Chapter [11]." Bankruptcy Code § 1107(a), 11 U.S.C. § 1107(a).

4. Included within those Federal Rules of Civil Procedure which are specifically incorporated by reference in Part VII of the Rules of Bankruptcy, is Fed.R.Civ.P. 56. See Bankruptcy Rule 756, 411 U.S. 1084, 93 S.Ct. 3159, 37 L.Ed.2d lxxii.

A motion, *inter alia*, for summary judgment is properly denominated, in this Court, as a contested matter under the provisions of Rules of Bankruptcy Procedure, Rule 914, 411 U.S. 1098, 93 S.Ct. 3170, 37 L.Ed.2d lxxviii.

5. Fed.R.Civ.P. 56(b).

6. Merdav claims that the debtor owes it $182,886.09. Although the precise amount of the prepetition claim remains in dispute, and has not been agreed upon by the parties, that issue of fact, for purposes of the summary judgment motions before me, although substantial in amount, is not material to the instant controversy. Merdav's claim, whether it amounts to $100,000 contended for by the debtor, or in the approximate sum of $183,000 propounded by Merdav, still greatly exceeds the amount sought by Merdav to be set off against its claim. We do not reach a determination here with respect to the actual amount of Merdav's total claim which may be the subject, at some later date, of a contested matter under the Rules of Bankruptcy Procedure. See Bankruptcy Rule 914, 411 U.S. 1098, 93 S.Ct. 3170, 37 L.Ed.2d lxxviii.

amount of $25,000. Merdav has set off that amount against moneys due it for trucking and delivery services. It is this $25,000 (denominated by the debtor both in its complaint in the underlying adversary proceeding and in its instant cross-motion, as the "Fund") which the debtor seeks to recover from Merdav.

## B

### General Contentions Of The Parties

Allbrand asserts that since the "Fund" is "property" of the debtor, as the latter quoted term is statutorily defined in the Bankruptcy Code,[7] it is entitled to a turnover thereof.[8] Merdav resists the debtor's argument by relying upon the right of setoff recognized by Section 553 of the Bankruptcy Code.[9]

We find, for the reasons about to be recited, that Merdav is entitled to judgment as a matter of law.

## C

### The Statute Involved

The relevant section of the Bankruptcy Code which controls the result we reach here is Section 553(a)

It provides, in pertinent part, as follows: "... this title [11 U.S.C.] does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—....

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition:

(B) while the debtor was insolvent: and

(C) for the purpose of obtaining a right of setoff against the debtor."

\* \* \* \* \* \*

## D

### Discussion

#### (1)

#### Mutuality of Debts

■ In accordance with the Code provisions just cited, as under the former Bankruptcy Act,[10] "[a] basic requirement ... is that the setoff be of 'mutual credits' against 'mutual debts.' "[11]

■ The debtor, quite naturally, seeking to avoid the setoff here, argues that there is a lack of mutuality of debts since the C.O.D. collections received by Merdav from Allbrand's customers constitute a "Fund" held by Merdav, in effect, in trust for the debtor. If such contention were to be sustained, the debtor would indeed be permitted to avoid the setoff since the liabilities involved would not emanate from "the same right and between the same parties, standing in the same capacity".[12] This follows because there can be no mutuality "when the liability of the one claiming a set off arises from a fiduciary duty or is in the nature of a trust...."[13] In that situation,

7. 11 U.S.C. § 541(a).

8. 11 U.S.C. § 542(a).
  Unlike 11 U.S.C. § 542, prior to the promulgation of the Bankruptcy Reform Act of 1978, there was no statutory provision for the "turnover" of a debtor's property in the hands of one not denominated an "officer" as that term was defined under the former Act. See former Bankruptcy Act § 1(22), 11 U.S.C. § 1(22) (repealed). Rather, the remedy by way of a turnover proceeding was judicially developed. *Maggio v. Zeitz*, 333 U.S. 56, 61, 68 S.Ct. 401, 404, 92 L.Ed. 476 (1948).

9. 11 U.S.C. § 553.

10. Former Bankruptcy Act § 68, 11 U.S.C. § 108 (repealed).

11. *Wolf v. Aero Factors Corp.*, 126 F.Supp. 872, 883 (S.D.N.Y.1954) (a case interpreting former Bankruptcy Act § 68).

12. 4 Collier on Bankruptcy ¶ 553.04[3] at 553.-22 (15th ed. 1979).

13. 4 Collier on Bankruptcy ¶ 68.04[2.1] at 872–73 (14th ed. 1975) (cited in *Matter of Esgro, Inc.*, 645 F.2d 794, 797 [9th Cir. 1981] [interpreting former § 68 of the Bankruptcy Act of 1898] ). *Compare* 4 Collier on Bankruptcy ¶ 553.04 at 533.26 (15th ed. 1979) (commenting upon the 1978 Bankruptcy Code § 553).

"... the creditor has become not the debtor of his debtor, but the trustee of a specific trust." [14]

Merdav anchors its reliance, in opposition to the debtor's "Fund" or "trust" theory, upon a case strikingly similar to the one at bar.

In the case of *In re W & A Bacon Co.* ("Bacon") [15] the claimants were in the business of delivering parcels for several stores in Boston, including the bankrupt, Bacon. In connection with C.O.D. deliveries made by the claimants, the claimants collected the sales price due on delivery and returned the moneys collected to the bankrupt.

The claimants rendered bills, to the bankrupt, for delivery charges either monthly or semi-monthly. The amounts collected by the claimants, on C.O.D. transactions, were normally paid over to the bankrupt within days after collection. In the instant matter, as in *Bacon*, there was not a written or oral agreement, expressed or implied, between the carriers and bankrupt. Moreover, both the carriers and the bankrupt understood in *Bacon*, as in the case at bar, that the carriers were responsible for all parcels that were to be delivered. It appears, in *Bacon*, that receipts of C.O.D. transactions were deposited by the claimants in their general bank accounts and there was no understanding between the claimants and the bankrupt that such sums be kept in a separate and distinct account for the benefit of the bankrupt.

The *Bacon* court, in allowing the claimants to setoff moneys, in their hands, from C.O.D. collections as against current bills due them from Bacon on account of delivery charges, critically held:

"... the fact that one person collected money for, and has in his possession money belonging to, another, does not, without more, establish the relation of trustee and cestui que trust between them." [16]

On the record here, we similarly perceive no basis to find that a trust relationship existed between Merdav and the debtor.

It should, however, be noted that some courts have found a lack of mutuality of debts when a creditor of the debtor is in possession of the debtor's property as a bailee "without color of lien." [17] In such cases the property sought to be setoff remained that of the debtor pending further instructions by the debtor to its bailee. In denying the equitable principles of setoff to such bailee, the courts, in effect, held that such bailee as "a creditor of a bankrupt shall not be permitted to pay himself through the device of setoff by converting the bankrupt's property, particularly at a time when he knows of the bankrupt's insolvency." [18]

Of course, neither in *Bacon, supra,* nor in the case at bar, did the debtor contend that there was a bailment agreement or understanding between it and the carrier with respect to the C.O.D. collection or that such collections were to be segregated or returned by the carrier "in specie." [19] It is well established that

"Fed.R.Civ.P. 56(e) expressly prohibits the resisting party from resting merely on the allegations and denial of his pleading. If he fails [as here] to answer by counter affidavits or otherwise, demonstrating specific facts showing there exists a genuine issue for trial, the court should enter that summary judgment which the law applied to the facts

---

14. *Lehigh Valley Coal Sales Co. v. Maguire,* 251 F. 581, 582 (7th Cir. 1918).

15. 261 F. 109 (D.Mass.1919).

16. *Id.* at 111. The case of *In re W. & A. Bacon, supra* note 15, has been cited with approval in this circuit in *Wolf v. Aero Factors Corp., supra* note 11, and in *In re Interstate Record Distributors, Inc.,* 307 F.Supp. 1142, 1144 (S.D. N.Y.) *aff'd* 430 F.2d 1017 (2d Cir. 1970).

17. *In re Lykens Hosiery Mills,* 141 F.Supp. 891, 894 (S.D.N.Y.1956). See also *Arkansas Fuel Oil Co. v. Leisk,* 133 F.2d 79 (5th Cir. 1943).

18. *Brunswick Corporation v. Clements,* 424 F.2d 673, 676 (6th Cir. 1970).

19. *In re W. & A. Bacon, supra* note 15.

presented by the moving party will support. . . ." [20]

In the instant matter "Rule 56(e) serves the salutary purpose of permitting us to recognize the reality that a contract [of bailment] never existed." [21]

Quite clearly, the law applicable to the motions now before this Court depends upon the legal relationship between the parties. On the basis of the submissions here, in the absence of a material and genuine issue of fact to the contrary, we conclude that the exceptions to mutuality in cases "where the bankrupt's property is in the possession of the creditor as bailee or trustee, without color of lien" [22] are not appropriate here. Rather the relationship between the instant parties was simply one of debtor-creditor and the setoff here was based solely upon mutual debts or credits. [23]

### (2)

### *Is Merdav's Setoff Denounced By Bankruptcy Code § 553(a)(3)?*

■ It may be recalled that immediately before Allbrand filed its Chapter 11 petition, a representative of Allbrand informed defendant Merdav that the former was about to seek relief, in this Court, for reorganization. In light of that divulgence, the debtor contends, Merdav's retention of the debtor's C.O.D. collections, in the amount of $25,000, was "for the purpose of obtaining a

right of setoff against the debtor" [24]—thus excepting such amount from setoff. We find no merit to this contention. The last quoted provision, it has been authoritatively noted, "involves [a] deliberate manipulation by the creditor" [25] to incur a prepetition debt to his debtor for the sole purpose of triggering a setoff. However, even reading the submissions here most favorably to the debtor,[26] we must conclude that Merdav's debts to Allbrand, *i.e.*, the outstanding prepetition C.O.D. collections, were incurred by Merdav in the ordinary course of its business dealings with the debtor. To be sure, those debts were in existence and owed to Allbrand prior to Merdav's retention of the collections. Thus, it is clear that those debts were not incurred for "the purpose of obtaining a right of setoff against the debtor." [27] Accordingly, those debts are not excepted from setoff.

### E

### *Conclusion*

■ Although we speak in terms of a right to setoff, that right is discretionary and must be exercised, *inter alia*, in accordance with principles of equity.[28] With this in mind, it has been contended by some that in rehabilitation [29] and reorganization [30] cases, where a setoff may have a deleteri-

**20.** *S.E.C. v. Spence & Green*, 612 F.2d 896, 900 (5th Cir. 1980) (citation omitted).

**21.** *S.E.C. v. Research Automation Corp.*, 585 F.2d 31, 34 (2d Cir. 1978).

**22.** *In re Lykens Hosiery Mills, supra* note 17.

**23.** Although the "right" of setoff is governed here by 11 U.S.C. § 553, we note, in passing, that New York law is in accord with the doctrine of mutuality and setoff explained above. See *New York Debtor and Creditor Law* § 13 (McKinney). Supp.1980.

**24.** 11 U.S.C. § 553(a)(3), quoted in subsection "C" of this opinion.

**25.** Weintraub & Resnick, *Bankruptcy Law Manual* ¶ 5.10[1] at 5–34 (1980).

**26.** *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (*per curiam*).

**27.** 11 U.S.C. § 553(a)(3).

**28.** 4 Collier on Bankruptcy § 553.02 at 553–10 (15th ed. 1979). *Cf. Bohack Corporation v. Borden, Inc.*, 599 F.2d 1160, 1163 (2d Cir. 1979) (a case under former Bankruptcy Act § 68); Hammon, *Setoff in Bankruptcy, Is the Creditor Preferred or Secured?* 50 Colo.L.Rev. 511, 523 (1979) (cited hereinafter as "Hammon, *Setoff in Bankruptcy*").

**29.** *Bohack Corp. v. Borden Inc., supra* at 1166; Hammon, *Setoff in Bankruptcy, supra* at 516–518.

**30.** Report of the Committee on the Judiciary to Accompany H.R. 8200, H.R.Rep.No.95–595, 95th Cong., 1st Sess. 183 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

ous effect upon the successful outcome of a case, setoff should be denied.[31] But where, as here, no "compelling circumstances" justifying a denial of setoff are discernible, or have been pleaded, setoff is appropriate[32].

For the reasons set forth earlier, we conclude that Merdav is entitled to summary judgment dismissing Allbrand's complaint seeking a turnover of the C.O.D. collections setoff by Merdav. Allbrand's cross-motion for summary judgment is, in all respects, denied.

Settle order on notice.

**31.** There can be no question, however, that the setoff provisions of 11 U.S.C. § 553 apply to Chapter 11 reorganization cases. That section specifically states that, with exceptions not relevant here, "... this title [11 U.S.C., *i.e.* the Bankruptcy Code of 1978] does not affect any right of a creditor to offset...." Query then as to whether we must reach the general applicability section of the Bankruptcy Code, 11 U.S.C. § 103 to find that "section 553 is made applicable to Chapter 11 proceedings [sic]...." *In re Princess Baking Corp.*, 5 B.R. 587, 2 C.B.C.2d 1071, 1075 (Bkrtcy.S.D.Cal. 1980) (Bankruptcy Court).

**32.** *Bohack Corp. v. Borden, Inc., supra* at 1165.